Manuel GARCIA, Sr., et al., Appellants,

v.

**GENERAL MOTORS CORPORATION, Appellee.**

No. 04–88–00360–CV.

Court of Appeals of Texas, San Antonio.

Jan. 24, 1990.

Rehearing Denied April 5, 1990.

Elaine W. Stone, David L. Perry, William A. Dudley, Edwards & Perry, Corpus Christi, for appellants.

Richard W. Davis, Royal H. Brin, Jr., Strasburger & Price, Dallas, Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

Before REEVES, CHAPA and CARR, JJ.

## OPINION

PER CURIAM.

This is an appeal from a post-judgment order enforcing a pretrial protective order made during the discovery process in the trial on the merits.

Appellants, Manuel Garcia, et al (plaintiffs), brought a suit for wrongful death and for personal injuries against General Motors Corporation (General Motors) and Charles Orsinger Buick.[1] The suit involved the issue of the automobile's fuel integrity system. During the discovery process of this cause of action, the trial judge entered a protective order which prohibited plaintiffs from sharing, with other plaintiffs' attorneys or expert witnesses, the documents General Motors produced pursuant to discovery requests.

The Texas Supreme Court found the original protective order overbroad and an abuse of discretion. Consequently, the protective order was subsequently modified to remove certain objectionable provisions which restricted "shared discovery" with other plaintiffs, not parties to this action but who are involved in this type of litigation against General Motors, and which restricted dissemination of lists and notes made by plaintiffs' attorneys and expert witnesses. *See Garcia v. Peeples*, 734 S.W.2d 343 (Tex.1987) (original proceeding concerning the original protective order).

The protective order in force and upon which the court's enforcement order is based provides that plaintiffs' counsel may copy General Motors' documents for their use and their experts' use and that plaintiffs may share these documents with other similarly situated plaintiffs. However, the trial court required that all experts reviewing the material agree in writing to be bound by the terms of the protective order and that, prior to sharing the information, other plaintiffs' attorneys agree not to release it to General Motors' competitors or others who might exploit it for economic gain. Furthermore, they must first obtain the court's permission before sharing the information. Plaintiffs' counsel was also instructed to maintain a list of all persons to whom the information is disclosed, until further order of the court.

The matter progressed through a jury trial; a take nothing judgment was entered against plaintiffs on December 3, 1987 which included the phrase "all relief not expressly granted herein is denied." No motion for new trial was filed and no appeal was prosecuted. Thus, the judgment became final on January 3, 1988. Plaintiffs returned some discovery documents to General Motors, but General Motors contended that not all of them were returned. Consequently, on April 21, 1988, after the judgment had become final, General Motors petitioned the trial court to enforce the protective order and to compel return of all documents.

After a hearing held on June 17, 1988, the trial court entered the order complained of which provides that:

1. General Motors' motion to withdraw exhibits is denied;

2. plaintiffs shall return original documents produced by General Motors;

3. plaintiff's counsel shall produce to General Motors the list of persons who obtained copies of the documents, other than other plaintiffs' attorneys and experts, and shall show General Motors the original copy of the list;

---

1. The instant proceeding does not involve Orsinger Buick.

4. plaintiffs are not required to return copies of original documents;

5. plaintiffs shall produce to General Motors a copy of the certifications made by those to whom the documents were disseminated, excluding plaintiffs' attorneys and experts, and shall show General Motors the original certifications;

6. plaintiffs shall produce to General Motors a copy of the signatures on the protective order of all persons who had reviewed the documents, excluding plaintiffs' attorneys and experts, and shall make the originals available for inspection;

7. General Motors' request for other recordkeeping materials maintained by plaintiffs is denied;

8. the parties shall comply with these orders within twenty-one days; and

9. plaintiffs shall produce to General Motors the list of individuals who saw the materials, the certifications they made, and a copy of their signatures affixed to the protective order if any of the discovery documents is provided to any individuals subsequent to the date of this order.

Plaintiffs timely prosecuted this appeal, claiming that the trial court erred by impermissibly modifying the pre-trial order and final judgment after the court's plenary power had expired. We agree, reverse and set aside.

In *McGehee v. Epley*, 661 S.W.2d 924 (Tex.1983), the Texas Supreme Court clearly declared that judgments which have become final may not be modified, except as provided by law. Describing the trial court's limitations in this respect, the Supreme Court stated:

The divorce decree rendered by the 131st District Court became final in 1973. At that time the court lost authority to modify the judgment, except as provided for by law. TEX.R.CIV.P. 329b. The court of appeals held that the 73rd District Court was not precluded from entering the clarification order by this rule, however, reasoning that the order rendered was not one which modified the judg-ment but was an order which did nothing more than provide for enforcement of the decree previously entered, and was therefore permissible. This was error. The order rendered by the 73rd District Court was, as a matter of law, more than a mere clarification consistent with the prior judgment. It affirmatively imposed an obligation to pay where no such obligation previously existed. Further, the order required McGehee to pay Epley one-half of his gross retirement check, whereas the original decree arguably required payment of only one-half of his net retirement benefits. These are clearly substantive changes in the decree and therefore could not be made after the trial court's judgment became final. TEX.R.CIV.P. 329b(g).

The clarification order issued by the 73rd District Court attempted to modify a final judgment rendered by another district court. Since the 131st District Court had no power to modify its own judgment after it became final, it must follow that the 73rd District Court could not confer jurisdiction upon itself to do that which the 131st District Court could not do.

*McGehee*, 661 S.W.2d at 925–26.

In *Jackson v. Van Winkle*, 660 S.W.2d 807 (Tex.1983), the Texas Supreme Court emphasized the effect loss of plenary jurisdiction has upon subsequent actions:

"The trial court loses plenary jurisdiction 30 days after judgment in the absence of a timely filed motion for new trial, *so any action taken after the expiration of 30 days from judgment would be a nullity.* TEX.R.CIV.P. Rule 329b." (emphasis added)

*Jackson, supra* at 808.

It is clear from the record before us, that the order in question was issued by the trial court after losing plenary jurisdiction. It is likewise clear that the order affirmatively imposed obligations upon appellant that had not previously existed in the pre-trial order or in the final judgment. Therefore, the trial court had no authority to issue the order in question.

In a cross point of error, General Motors complains that the trial court erred in denying its request that plaintiffs return all copies they made of General Motors' protected documents and that plaintiffs provide General Motors with the list of what and how many copies were made of the documents. We disagree.

Nothing in the final judgment or protective order imposes the requirements requested by General Motors. Since no such requirements appear in either the pretrial order or final judgment, the trial court had no jurisdiction to add them after the court's plenary power expired.

General Motors also complains that the trial court erred in not ordering plaintiffs to produce the list of documents copied and the number of copies made. However, in addition to the court having lost plenary jurisdiction, General Motors failed to brief this aspect of their complaint. Therefore, they have waived appellate review of it. *Wolf v. Fernandez*, 733 S.W.2d 695, 697 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.); *O'Dowd v. Johnson*, 666 S.W.2d 619, 620 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); TEX.R.APP.P. 74(f).

The order of the trial court dated June 17, 1988 is reversed and set aside.