**Chloe J. CHANDLER, Petitioner,**

v.

**HYUNDAI MOTOR COMPANY, et al., Respondents.**

**No. D–1836.**

Supreme Court of Texas.

May 6, 1992.

Robert L. Collins, Daniel Kistler, Michael O'Brien, Houston, for petitioner.

Clen M. Boudreaux, Stephen R. Kirklin, David Scott Curcio, Jack Garland, Houston, for respondents.

PER CURIAM.

We consider the appropriate appellate remedy concerning a trial court's order limiting the public disclosure of certain documents.

In the underlying suit, Chloe Chandler alleged that a defective rear seat belt was a producing cause of her daughter's death in a Hyundai Excel. She obtained discovery from Hyundai of a number of documents relating to the design and manufacture of the seat belt system. When Hyundai sought a protective order limiting the dissemination of this information to anyone not involved in this particular case, Chandler sought a hearing pursuant to Rule 76a, Texas Rules of Civil Procedure.

The trial court denied this request, and the court of appeals dismissed Chandler's interlocutory appeal under Rule 76a(8) on the grounds that this rule "does not address protection from disclosure or dissemination of documents during dis-

covery." 1991 WL 148717 at *1. This holding conflicts with the clear terms of subsection 2(a) which encompasses filed discovery and subsection 2(c) which includes "discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety." In *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157 (Tex.1992) (per curiam), we concluded that

> Any party aggrieved by the trial court's decision, finding, or failure to find made pursuant to Rule 76a, including the decision whether the document is a "court record," as that term is defined by the rule, may seek review by interlocutory appeal. Tex.R.Civ.P. 76a(8).

In accord with that holding, we believe that an interlocutory appeal pursuant to Rule 76a(8) was the proper method for complaining of the trial court's action in this case. Thus, pursuant to Tex.R.App.P. 170, we grant Chandler's application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to that court for reinstatement of the appeal to permit consideration of any legal and factual insufficiency challenges properly raised by Chandler to the trial court's final judgment restricting dissemination of documents.[1] The court expresses no opinion on any aspect of the merits of whether dissemination may be properly restricted in this case under Rule 76a.

---

1. Under Rule 76a(8): "The appellate court may abate the appeal and order the trial court to direct that further public notice be given, or to hold further hearings, or to make additional findings."