**Writ of Mandamus is Conditionally Granted; Opinion Filed June 5, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-11-00935-CV**

_____

**ICON BENEFIT ADMINISTRATORS II, L.P.,
AMERICAN ADMINISTRATIVE GROUP, INC., AND
HEALTHSMART PREFERRED CARE, II, L.P., Appellants**

**V.**

**JOELLA MULLIN, STANLEY SELF, ANDREA DAVENPORT,
LEE ANN DUMBAULD, SCOTT SNIDER, LEISA HUTCHESON,
DAVID MILLER, AND CITY OF LUBBOCK, Appellees**

**On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-08-01067-B**

### OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

ICON Benefit Administrators II, L.P., American Administrative Group, Inc., and HealthSmart Preferred Care, II, L.P. (collectively ICON) filed this appeal challenging the trial court's order denying their postjudgment motion to enforce a pretrial protective order. By their motion, ICON sought to prevent the City of Lubbock and certain individual City employees (collectively the City) from publicly disclosing an audit concerning ICON's administration of the City's health care plan in response to open records requests made under the Texas Public Information Act. In response to the parties' dispute regarding the proper procedural mechanism for our review of this case, we conclude the trial court's ruling on the postjudgment motion to enforce a pretrial protective order is not subject to a direct appeal and that the proper procedural

vehicle to challenge it is by petition for writ of mandamus. At the request of the City and the City employees, and in the interest of judicial economy, we treat this appeal as a petition for writ of mandamus. Because the trial court's order permitting disclosure of the audit contradicts the plain meaning of its earlier protective order, we further conclude the order denying ICON's motion was a clear abuse of the trial court's discretion and conditionally grant mandamus relief.

## BACKGROUND

From 2004 through 2006, the City contracted with ICON to provide third-party administration and a "preferred provider" organization for the City of Lubbock's self-funded health care plan. In 2008, ICON filed suit in Dallas County against certain City employees alleging the City employees made defamatory statements about ICON's administration of the City's health care plan.[1] The City employees filed a counterclaim asserting, among other things, abuse of process and malicious prosecution. Although the City and HealthSmart were not parties to the Dallas lawsuit, they were involved in a separate ongoing arbitration proceeding with ICON and AAG concerning the administration of the City's health care plan.

While both the lawsuit and the arbitration were pending, the City hired Sally Reaves to conduct an audit of the administrative services ICON performed for the City's health care plans. The City employees sought pretrial discovery in the Dallas lawsuit of certain information for the Reaves's audit work. In response, ICON moved for, and was granted, a protective order in July 2009. Among other things, the protective order defined certain categories of "Protected Materials" and restricted the use and disclosure of "Protected Materials" and "all information derived therefrom." The protective order was later expanded to enable the City, as a non-party, to obtain access to the "Protected Materials" for use in the arbitration and HealthSmart became a

---

[1] ICON also sued employees of one of ICON's competitors who lived in Dallas. They are not a party to this proceeding.

beneficiary of the protective order. The City acknowledged in oral argument it became bound by the protective order and to that extent subject to the jurisdiction of the trial court in Dallas.

The parties eventually settled the Dallas lawsuit and the trial court signed an order dismissing the case in November 2010, before Reaves completed her audit. At the time of the settlement, the parties disputed whether the forthcoming Reaves Audit could be used in the ongoing arbitration proceeding. In a meeting in October 2010, the arbitrator ruled that the City could use the forthcoming Reaves Audit to which ICON and HealthSmart agreed. The arbitrator signed a substantially identical protective order to the Dallas trial court's protective order.

The Reaves Audit was submitted to the City in March 2011 while the arbitration was still on-going. The following month, the City received open record requests for the Reaves Audit pursuant to the Texas Public Information Act. The City's public information officer notified ICON of these open record requests and also sought an advisory opinion from the Texas Attorney General as to whether the Reaves Audit was subject to disclosure pursuant to the Act.

In light of these developments, ICON filed a motion to enforce the protective order in the dismissed Dallas lawsuit to prevent the public disclosure of the Reaves Audit. ICON argued that because the Reaves Audit contains information from, and is derived from, "Protected Materials," the protective order prohibits disclosure to the public of the Reaves Audit. The City employees filed a response in their individual capacities and a motion to clarify that included a request for a declaration that disclosure of the Reaves Audit was not prohibited by the protective order. They also submitted a copy of the Reaves Audit to the trial court for in camera review. The City filed a separate response on its own behalf and on behalf of the City employees in their official capacity.

The trial court held a hearing on the motions on June 16, 2011. On July 14, 2011 the trial court signed an order declaring that disclosure of the Reaves Audit was not prohibited by the

terms of the protective order and denying the motion to enforce. ICON brought this appeal challenging the trial court's July 14 order.

ANALYSIS

**I.** **Mandamus, not Appeal, is the Proper Procedure for Appellate Review.**

Before analyzing the merits of ICON's arguments with respect to the trial court's order, we must first address the proper procedural vehicle for raising such complaints. ICON argues it can directly appeal the trial court's postjudgment order denying its motion to enforce because it: (1) operates as a final judgment, disposing of all parties and issues in the case, (2) denies a request for injunctive relief, and (3) relates to the sealing or unsealing of court records. The City, on the other hand, argues that review of the order can only be had by petition for writ of mandamus and urges us to construe this appeal as a petition for writ of mandamus applying the standard of review applicable to mandamus proceedings. *See In re Ford Motor Co.*, 211 S.W.3d 295, 298 n.1 (Tex. 2006) (per curiam) (orig. proceeding). We agree with the City and conclude *Ford* is controlling here.

In *Ford,* two vehicle manufacturers sought a writ of mandamus to vacate a pretrial court order declaring certain documents non-confidential under a provision in a pretrial protective order. *Id*. at 296. The supreme court noted that an appeal is inadequate when the trial court erroneously orders the production of confidential information or privileged documents. *Id*. at 298. The supreme court also indicated that mandamus was the only procedural option available to the vehicle manufacturers because "the underlying dispute is over, having already gone to trial and final judgment, so the instant controversy–whether the [plaintiffs] (or their counsel) can pass around the Volvo materials–can only be resolved by mandamus." *Id*. at 298 n.1. The case before us fits squarely into the status articulated in *Ford*: the underlying lawsuit has been concluded and now we must review the trial court's decision whether the public disclosure of the

–4–

Reaves Audit is prohibited by the pretrial protective order. ICON provides no compelling reason why *Ford* does not control this case and require review by mandamus.

In reaching our conclusion, we necessarily reject ICON's contention that the mandamus procedure applied in *Ford* only because the order was rendered before the final judgment. Other than a few, mostly statutory exceptions, appeals are taken only from final judgments. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). Generally, only one final judgment shall be rendered in any cause except where it is otherwise specifically provided by law, such as in certain probate and receivership proceedings. *See* TEX. R. CIV. P. 301; *Lehmann,* 39 S.W.3d at 195. In this case, the final judgment was the trial court's November 2010 order dismissing with prejudice all claims and counterclaims raised by the parties. Because the July 14 order is not a final judgment or an appealable order under any statutory exception to the general rule that only a final judgment may be appealed, we conclude our review of the trial court's order must be by petition for writ of mandamus. *See In re Ford*, 211 S.W.3d at 298 n.1.

In support of its contention that the order before us can be appealed directly, ICON cites *Garcia v. General Motors Corporation*, 786 S.W.2d 12 (Tex. App.—San Antonio 1990, writ withdrawn). Like here, *Garcia* was an appeal from a postjudgment order enforcing a pretrial protective order. *Id*. at 13. The San Antonio court set aside the order concluding the trial court lacked plenary jurisdiction without addressing the issue of whether the order was subject to a direct appeal. *Id*. at 14–15. Accordingly, we do not view *Garcia* as persuasive authority on the issue before us.

In determining that the order before us cannot be appealed as a final judgment, we decline ICON's invitation to equate the trial court's order denying its motion to enforce with a family code protective order, which we have held is directly appealable. *See Cooke v. Cooke*, 65 S.W.3d 785 (Tex. App.—Dallas 2001, no pet.). As ICON acknowledges in its brief, the order in

this case and a protective order under the family code involve different objects of protection. Because *Cooke* is factually and procedurally distinguishable, its reasoning is not controlling here.

We also reject ICON's argument that the trial court's order is directly appealable because it denies a request for injunctive relief, i.e., barring public disclosure of the Reaves Audit. The order before us is the result of ICON's attempt to enforce an existing pretrial protective order. It is no more the result of a request for a permanent or temporary injunction than the underlying pretrial protective order prohibiting the use and disclosure of certain materials. A pretrial protective order is interlocutory and not appealable. *See Sobel v. Taylor,* 640 S.W.2d 704, 705 (Tex. App.—Houston [14th Dist.] 1982, no writ) (pretrial order relating to protection of documents not an appealable temporary injunction but nonappealable pretrial protective discovery order).

Finally, ICON argues the submission of the Reaves Audit to the trial court for an in camera review transformed the trial court's order denying their motion to enforce into an order relating to the unsealing of a court record that can be appealed directly pursuant to rule 76a(8) of the Texas Rules of Civil Procedure. We do not agree. The order before us addresses whether the Reaves Audit was prohibited from public disclosure pursuant to the terms of the pretrial protective order. It does not relate to the sealing or unsealing of court records. ICON's reliance on *Chandler v. Hyundai Motor Company* 829 S.W.2d 774 (Tex. 1992) and *Clear Channel Communications, Inc. v. United Services Automobile Association,* 195 S.W.3d 129 (Tex. App.— San Antonio 2006, no pet.), for its position is misplaced. Both *Chandler* and *Clear Channel* involved orders that specifically addressed requests relating to the sealing or unsealing of records made pursuant to rule 76a.

In *Chandler,* the appellant sought to appeal the trial court's denial of his request for a hearing pursuant to 76a. *Chandler*, 829 S.W.2d at 774. In *Clear Channel,* the court addressed

the ripeness of an appeal under rule 76a(8) when "no court record has been sealed" under the order being challenged. *Id*. at 132–33. Noting that the appellees did not argue the order at issue did not relate to the sealing of court records, the San Antonio court merely held that rule 76a(8) did not require the trial court's order to actually seal or unseal a court record to be appealable. *Id*. at 133. In the present case, the Reaves Audit was submitted to the trial court in camera to determine whether it was subject to the terms of the protective order. The trial court's ruling on this issue is not an order relating to sealing or unsealing of court records as contemplated in rule 76a. Accordingly, we conclude the order before us is not an appealable order; it can be challenged only by a petition for writ of mandamus. *See In re Ford*, 211 S.W.3d at 298 n.1.

Although we would normally dismiss this appeal for want of jurisdiction, the City has requested that we consider ICON's improper appeal as a petition for writ of mandamus. In certain circumstances, we have treated an improper appeal of a postjudgment discovery order as a petition for writ of mandamus in the interest of judicial economy. *See Bielamowicz v. Cedar Hill Indep. Sch. Dist*., 136 S.W.3d 718, 723 (Tex. App.—Dallas 2004, pet. denied). The Texas Supreme Court has taken a similar approach with respect to an improper appeal of an interlocutory arbitration order. *See CMH Homes v. Perez*, 340 S.W.3d 444, 484 (Tex. 2011). In *CMH Homes*, the supreme court agreed with the court of appeals that an interlocutory appeal from the order was not authorized, but it reversed the court of appeals's dismissal and remanded the case for consideration as a petition for writ of mandamus pursuant to the appellant's request. *Id*. at 446 ("we instruct the court of appeals to consider this appeal as a petition for writ of mandamus"). Here, as in *CMH Homes*, requiring the filing of a separate mandamus proceeding under the circumstances before us would unnecessarily waste the parties' time and additional judicial resources. *See id.* at 452–53. Accordingly, and pursuant to the City's request, we will treat this appeal as a petition for writ of mandamus.

–7–

**II.      The Protective Order Prohibits Public Disclosure of the Reaves Audit.**

Mandamus relief is proper when the trial court has abused its discretion by committing a clear error of law for which appeal is an inadequate remedy. *In re Ford Motor Co.*, 211 S.W.3d at 297–98.  Having already concluded that ICON has no adequate remedy by appeal, we focus our discussion on whether the trial court has abused its discretion in determining that disclosure of the Reaves Audit was not prohibited by the protective order.[2]   A trial court abuses its discretion if (1) with respect to factual issues or matters committed to the trial court's discretion, the trial court could reasonably have reached only one decision, or (2) with respect to controlling legal principles, the trial court reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).  A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 840.

Here, the issue before the trial court was whether the protective order precluded public disclosure of the Reaves Audit.  In determining whether the trial court abused its discretion in ruling on this issue, we view the trial court's determination that the protective order did not prohibit the disclosure of the Reaves Audit as a legal conclusion to be reviewed with limited deference to the trial court. *See Walker*, 827 S.W.2d at 840.  The parties agree that the protective order at issue prevents two categories of materials from public disclosure: (1) "protected materials" and (2) "all information derived" from "protected materials."   Noting the Reaves Audit cites from and is based upon protected materials obtained under the protective order, ICON contends the Reaves Audit necessarily constitutes information derived from protected materials and is thus prohibited from public disclosure under the plain language of the protective

---

[2] Even if we considered this matter as an appeal, we would still review the order before us under an abuse of discretion standard. *See Gen. Tire*, *Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998) (challenges to rulings on protective orders under civil procedure rule 166b [now rule 192.6] and appeals of rulings under rule 76a are reviewed for an abuse of discretion); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (appeal of order denying injunctive relief reviewed for abuse of discretion).

order. The City, on the other hand, argues that because the Reaves Audit merely contains the opinions and conclusions of an auditor regarding ICON's performance in administering the City's health plan after reviewing confidential and proprietary data and does not actually disclose confidential or proprietary information, the protective order does not prohibit its disclosure.

We construe orders under the same rules of interpretation as those applied to other written instruments. *Payless Cashways, Inc. v. Hill*, 139 S.W.3d 793, 795 (Tex. App.—Dallas 2004, no pet.). When a written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, the court will construe the document as a matter of law. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Even under an abuse of discretion standard, we do not defer to the trial court on questions of law, which we review de novo. *See Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). If an order is unambiguous, we must construe it in light of the literal meaning of the language used. *Hill*, 139 S.W.3d at 795. The protective order before us broadly and unambiguously restricts the use and disclosure not only of information or documents referred to as "Protected Materials," but also "all information derived therefrom."

Neither "information" nor "derived" are defined in the protective order and no other section of the order reveals the terms' meanings. When a term is not defined, we presume the parties intended its plain and generally accepted meaning. *See Epps v. Fowler*, 351 S.W.3d 862, 866 (Tex. 2011). "Information" is defined as the communication or reception of knowledge or intelligence. WEBSTER'S THIRD NEW INT'L DICTIONARY 1160 (1993). "Derive" means to take or receive, especially from a source. *Id*. at 608. The order on its face prohibits public disclosure not only of protected materials but also any knowledge or intelligence taken from or received by those protected materials. It is undisputed that the Reaves Audit was created using and analyzing protected materials. It is also beyond dispute that the Reaves Audit refers to certain discounts,

fee schedules, and fee structures quoted from certain protected materials. Because the Reaves Audit is based on the analysis of protected materials and discloses information from protected materials, the Reaves Audit is information derived from protected materials and the unambiguous terms of the protective order prohibit its disclosure to the public. In light of both parties' acknowledgments that the Reaves Audit was created by reviewing materials that were produced under the protective order and that the audit recites certain information obtained from protected materials, any evidence that the Reaves Audit was not wholly derived from ICON's protected material and did not disclose any protected material, confidential or proprietary information, is irrelevant.

In reaching our conclusion, we necessarily reject the City's construction of "information derived therefrom" to include only those documents containing confidential or proprietary information from protected materials. In support of its position, the City contends it is undisputed that the protective order's purpose is to protect confidential patient health information and ICON's proprietary and confidential information. It argues that because the trial court could have found the Reaves Audit does not disclose confidential or proprietary information, the trial court did not abuse its discretion in concluding the Reaves Audit was not subject to the protective order. The City supports its construction of "information derived therefrom" by referencing the protective order's provision requiring protected materials to be returned to the producing party at the conclusion of the litigation and that "summaries, memoranda and notes reflecting the contents or substance" of documents subject to the protective order be destroyed. Based on this provision, the City contends that "information derived therefrom" means "any document containing or reflecting the actual contents or substance of [confidential patient information] or confidential information such as 'summaries, memoranda, or notes of that data.'" We disagree. The protective order's use of the phrase "and information derived therefrom"

belies the City's narrow construction. Because the plain language of the protective order at issue prohibits public disclosure of the Reaves Audit as information derived from protected materials, it was a clear abuse of discretion for the trial court to hold otherwise and deny ICON's motion to enforce. In light of our conclusion, we need not address ICON's challenges to the sufficiency of the evidence supporting the trial court's rulings.[3]

## CONCLUSION

We conditionally grant a writ of mandamus directing the trial court to vacate its July 14, 2011 order denying ICON'S motion to enforce in which the trial court ruled disclosure of the Reaves Audit is not prohibited by the terms of the protective order and authorized disclosure of the Reaves Audit. Further, we direct the trial court to render an order granting ICON's motion to enforce and ruling the protective order prohibits public disclosure of the Reaves Audit. We are confident that the trial court will promptly comply and our writ will issue only if the trial court fails to do so.

/David W. Evans/

DAVID EVANS

110935F.P05                                                                 JUSTICE

---

[3] Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds for reversal. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). However, the sufficiency of the evidence is a relevant factor in determining whether the trial court had sufficient evidence to exercise its discretion. *Id*.