**DENY; and Opinion Filed January 30, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00628-CV

## IN RE HEAVEN SENT FLOOR CARE, Relator

**Original Proceeding from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-04718-2015**

# MEMORANDUM OPINION
Before Justices Bridges, Evans, and Schenck
Opinion by Justice Evans

This petition for writ of mandamus arises from a proceeding seeking pre-suit discovery

under Texas Rule of Civil Procedure 202.[1]  Relator requests this Court to compel the trial court

to vacate its February 11, 2016 order denying the rule 202 petition and allow him to proceed with

the depositions of real parties in interest, Timothy and Christine Hogan.[2]  In five issues, relator

---

[1] Although this case was originally filed as an appeal, the first issue in relator's brief requests that we treat the appeal as a mandamus petition.  Generally, an improper order under rule 202 may be set aside by mandamus.  *See In re Jorden*, 249 S.W.3d 416, 419–20 (Tex. 2008) (orig. proceeding).  Because relator specifically requests mandamus relief in his brief and because we conclude judicial economy in this case militates against requiring relator to file a separate original proceeding, we consider this appeal as a petition for writ of mandamus.  *See CMH Homes v. Perez,* 340 S.W.3d 444, 454 (Tex. 2011); *Icon Benefit Adm'rs II, L.P. v. Mullin*, 405 S.W.3d 257, 263 (Tex. App.—Dallas 2013, orig. proceeding [mand. denied]).

[2] Relator Heaven Sent Floor Care is a sole proprietorship.  As owner of Heaven Sent Floor Care, Ken Albrecht appeared pro se in the trial court below and does so now before this Court.  *See*  TEX. R. CIV. P. 7; *see also Prof'l Res. Plus v. Univ. of Tex., Austin*, No. 03-10-00524-CV, 2011 WL 749352 at *2 n.1 (Tex. App.—Austin Mar. 4, 2011, no pet.) (mem. op.) (sole proprietorship not a distinct legal entity and may appear through sole proprietor); *Hope's Fin. Mgmt. v. Chase Manhattan Mortg. Corp.*, 172 S.W.3d 105, 106–07 (Tex. App.—Dallas 2005, pet. denied) (sole proprietor appeared on behalf of sole proprietorship).  Consequently we refer to relator as "he" for purposes of clarity in this opinion.

generally asserts he is entitled to mandamus relief because the trial court abused its discretion in denying his rule 202 petition. The Hogans have not filed a brief in this case. For the reasons that follow, we deny the petition for writ of mandamus.

BACKGROUND

In his first amended verified petition, relator sought to depose the Hogans to investigate potential claims against them arising out of statements they published about Albrecht and his company on the internet on May 10, 2014. The Hogans filed a response to the petition arguing (1) relator failed to meet his burden for pre-suit depositions and (2) the Texas Citizens Participation Act prohibited the requested discovery. After a hearing, the trial court denied the petition in its entirety stating on the record that "the petition itself, and supporting documentation that the Court has in front of it, is insufficient to support granting of a 202 deposition." This proceeding followed.

ANALYSIS

In its fifth issue, relator contends the trial court abused its discretion in denying his rule 202 petition because he established the benefit of allowing the requested depositions outweighed the burden or expense of the procedure. To be entitled to mandamus relief, a relator must ordinarily demonstrate the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36. (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). For the reasons that follow, we conclude relator has not established that the trial court clearly abused its discretion in denying his rule 202 petition.

Rule 202 depositions are not intended for routine use. *In re Jorden*, 249 S.W.3d at 423. To prevent abuse of the rule, courts must strictly limit and carefully supervise pre-suit discovery.

*In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding). It is an abuse of discretion for a trial court to order a rule 202 deposition when the party seeking the deposition fails to provide any evidence to meet the burden of establishing the facts necessary to support ordering a rule 202 deposition. *See In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.).

As relevant here, rule 202.1(b) authorizes depositions to investigate a potential claim or suit. TEX. R. CIV. P. 202.1. Before a trial court can order a deposition under 202.1(b), however, it must make an express finding that the likely benefit of allowing the petitioner to take the requested deposition outweighs the burden or expense of the procedure. *See* TEX. R. CIV. P. 202.4(a)(2); *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 570 (Tex. App.—Dallas 2011, no pet.).

As the party seeking a pre-suit deposition to investigate a potential claim, relator was required to present evidence to meet his burden to establish the benefit of allowing the deposition outweighs the burden or expense of the procedure. *See In re Dallas Cty. Hosp. Dist.*, No. 05-14-00249-CV, 2014 WL 1407415 at *2 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.); *In re East*, 476 S.W.3d 61, 68 (Tex. App.—Corpus Christi 2014, orig. proceeding). However, neither verified pleadings nor argument of counsel are generally considered competent evidence to prove the basis for granting a rule 202 petition. *See In re Dallas Cty. Hosp. Dist.*, 2014 WL 1407415 at *2.

Relator's petition does not give any explanatory facts to support the contention that the benefits of allowing the deposition outweigh the burden or expense of the procedure. *See In re Reassure Am. Life Ins. Co.*, 421 S.W.3d 165, 173 (Tex. App.—Corpus Christi 2013, orig. proceeding). The petition merely states that relator's interest in investigating the potential claim "is to allow the correct filing of lawsuit, if necessary, in order to seek redress for the erroneous

and defamatory statements, civil conspiracy, breach of contract, and business disparagement, caused by the Respondents [sic] deliberate and malicious actions." The petition further states, "It is unknown to the Petitioner at this time as to the exact scheme; tactics or plans(s) Respondents may have communicated amongst themselves in furtherance of their conspiracy to injure Petitioner and Ken Albrecht in his business."

At the hearing on its petition, the only evidence relator attempted to offer was a document he alternatively described as "a memorandum of law" and "affidavit" as a counterargument to real parties' "motion to dismiss." The trial court sustained real parties' hearsay objection to the document. Relator did not introduce the document for record purposes and it is not part of the reporter's record. Consequently, the document is not before us and cannot be used as evidence to support relator's position.[3]

Moreover, relator did not accept the trial court's invitation to testify at the hearing in support of his petition nor did he present any facts addressing whether the likely benefit of allowing the requested depositions to investigate a potential claim outweighed their burden or expense. At the hearing, relator argued to the trial court that because the depositions would occur in the county in which the deponents resided and would take about an hour for each, they would not be a burden or expense to real parties. Oral argument, however, is not evidence and cannot supply the factual basis for granting a rule 202 petition. *See In re Dallas Cty. Hosp. Dist.*, 2014 WL 1407415 at *2. Because relator failed to provide any evidence to meet the burden of establishing the facts necessary to support ordering a rule 202 deposition, the trial court did not abuse its discretion in denying relator's petition. We resolve relator's fifth issue against him. In light of our disposition of issue five, we need not address relator's fourth issue which merely challenges an alternative basis for the trial court's denial of the petition.

---

[3] Relator does not complain about the trial court's evidentiary ruling in this proceeding.

In issue two, relator argues the trial court's judgment is not entitled to a presumption of correctness because the trial court refused its timely request to enter findings of fact and conclusions of law. Findings of fact and conclusions are not required in all cases and relator has failed to show they were required under the circumstances presented here, where relator did not present any evidence to support his petition. *See IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997) (findings of fact and conclusions of law not appropriate when judgment rendered without an evidentiary hearing). Accordingly, the trial court did not abuse its discretion in not responding to relator's requests for findings.

In its third issue, relator complains about the trial court's failure to rule on his motion to modify, correct, or reform the judgment as well as subsequent motions seeking a hearing and ruling on his motion to modify. A trial court has no obligation to rule a motion to modify, correct or reform a judgment because it is overruled by operation of law if the trial court fails to rule by written order within seventy-five days after the judgment was filed. *See* TEX. R. CIV. P. 329b(c). Accordingly, relator has not demonstrated the trial court abused its discretion under this issue.

We deny relator's petition for writ of mandamus.

/David W. Evans/
DAVID EVANS
JUSTICE

160628F.P05

–5–