**DISMISSED and Opinion Filed February 18, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01363-CV

### RAYMOND C. LEE, JR. AND JACQUELINE LEE, Appellants
### V.
### GENERAL MOTORS, L.L.C. (D/B/A OR A/K/A GENERAL MOTORS), Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-12025**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Molberg
Opinion by Chief Justice Burns

The final judgment in the underlying suit, which followed a two-vehicle accident involving a vehicle manufactured by appellee and alleged negligence, strict liability, and uninsured motorist claims, was signed in August 2015. Four years later, on June 21, 2019, the order that is the subject of this appeal was signed. The order, overruling appellants' contest to appellee's designation of over 1000 documents and materials as "protected" and confidential, was signed pursuant to a discovery order that was effective for five years after entry of final judgment.

Because mandamus is the only avenue by which a controversy concerning confidential information can be reviewed when the underlying dispute has "gone to trial and final judgment," we questioned our jurisdiction over the appeal. *See In re Ford Motor Co.*, 211 S.W.3d 295, 298 n.1 (Tex. 2006) (per curiam). At our direction, the parties filed letter briefs addressing our concern.

Without citing any authority, appellants assert, and appellee agrees,[1] they have a right to appeal the order because the trial court retained jurisdiction over matters relating to the protective order for five years after final disposition. Appellants seem to base their argument on the fact that an appellate court has appellate jurisdiction of all civil cases within its district of which the district courts have jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.220(a). However, appellate jurisdiction is generally limited by the "one final judgment" rule. *See* TEX. R. CIV. P. 301; s*ee Icon Benefit Adm'rs II, L.P. v. Mullin*, 405 S.W.3d 257, 261 (Tex. App.—Dallas 2013, no pet.). A final judgment for appellate purposes is one that disposes of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Other than in probate and receivership proceedings, only one final judgment may be signed in a suit. *See Icon*, 405 S.W.3d at 261. The final judgment here was signed August 2015, and the underlying suit is not one for which more than one final judgment may be signed.

Because the underlying suit has "gone to trial and final judgment," we lack jurisdiction to review this order by appeal. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *In re Ford*, 211 S.W.3d at 298 n.1.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

191363F.P05

---

[1] Appellee asserts, however, we lack jurisdiction because the appeal was untimely filed and has separately moved to dismiss the appeal. We address the motion by order.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RAYMOND C. LEE, JR. AND
JACQUELINE LEE, Appellants

No. 05-19-01363-CV     V.

GENERAL MOTORS, L.L.C. (D/B/A OR
A/K/A GENERAL MOTORS), Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-12025.
Opinion delivered by Chief Justice Burns,
Justices Whitehill and Molberg
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee General Motors, L.L.C. (d/b/a or a/k/a General Motors) recover its costs, if any, of this appeal from appellants Raymond C. Lee, Jr. and Jacqueline Lee.

Judgment entered February 18, 2020.