

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00108-CV

MASON-GIBSON, INC. D/B/A HOLIDAY INN EXPRESS PALESTINE, TEXAS,
AND FERGUSON ENTERPRISES, LLC, Appellants

V.

SLOAN VALVE COMPANY, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2019-283A

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Christopher Jaynes was struck in the head by a piece of a toilet's porcelain tank lid when a compressed-air flushing device exploded in his hotel room at the Holiday Inn Express Hotel in Palestine, Texas. Jaynes filed a personal-injury lawsuit in Rusk County asserting claims against seven defendants, including Mason-Gibson, Inc., d/b/a Holiday Inn Express Palestine, Texas, (Mason-Gibson) and Sloan Valve Company (Sloan).[1]

Sloan filed a motion for summary judgment based on the fifteen-year statute of repose, asking for the entry of judgment on Jaynes's claims. On April 5, 2021, the trial court granted Sloan's motion for summary judgment (the Summary Judgment Order) and recited in the order, "This judgment disposes of all claims and parties and is final and appealable." Mason-Gibson, who had filed a cross-claim against Sloan after Sloan had filed the summary judgment motion, argued that the Summary Judgment Order did not dispose of its cross-claim. It, therefore, contended that any global order dismissing all claims against Sloan under the statute of repose was error and prayed that the court would "grant a new trial and/or vacate any Order purporting to grant complete relief in favor of" Sloan. On July 13, 2021, the trial court vacated the Summary Judgment Order and entered another order granting Sloan's motion, but clarifying that it disposed of all claims against Sloan only and no other claims asserted against the remaining defendants (the Clarifying Order). The trial court then entered an order (the Severance Order) severing the disposed claims from those that had not been disposed.

---

[1] Sloan manufactured a pressurized system for flushing toilets called the Flushmate III Pressure-Assisted Flushing System (Flushmate).

Mason-Gibson filed a notice of appeal in the severed action, claiming that the trial court had no jurisdiction to enter the Clarifying Order and the Severance Order on October 7, 2021, because its plenary power expired July 19, 2021. It also argued that the trial court erred by dismissing Mason-Gibson's cross-claim against Sloan. We conclude that (1) the trial court had jurisdiction to enter the Clarifying Order and the Severance Order and (2) any error in entering summary judgment against Mason-Gibson was harmless. As a result, we affirm the trial court's orders.

*(1)     The Trial Court Had Jurisdiction to Enter the Clarifying Order and the Severance Order*

The parties' arguments are informed by the timing of proceedings below. In November 2020, Sloan filed a motion for summary judgment based on the fifteen-year statute of repose. The motion sought relief only against Jaynes's claims, and its prayer asked that the trial court "enter judgment against Plaintiff's claims, and further order that Plaintiff take nothing by this suit."

After the summary judgment motion was filed, Mason-Gibson filed a cross-claim against Ferguson Enterprises, LLC (Ferguson), and Sloan in December 2020, for contribution and violations of the Texas Deceptive Trade Practices Act (DTPA) based on alleged negligent post-sale acts and omissions. Mason-Gibson also responded to Sloan's motion for summary judgment.[2]

_____

[2]Mason-Gibson's response averred that Sloan moved "for summary judgment on all claims against it and presumably Mason-Gibson's derivative claims . . . ." Although Jaynes did not respond to Sloan's motion for summary judgment, it filed a motion to continue the submission of the motion for summary judgment for a period of five months based on new information in Mason-Gibson's cross-claim and response to Sloan's motion for summary judgment.

On April 5, 2021, the trial court granted Sloan's motion for summary judgment and issued the following order:

> On this day came on to be heard Sloan Valve Company's Motion for Summary Judgment. The Court having considered the Motion, finds that the Motion is well taken and should be GRANTED.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that all claims asserted against Sloan Valve Company by all parties are hereby DISMISSED with prejudice to re-filing.
>
> This judgment disposes of all claims and parties and is final and appealable. All costs and fees shall be borne by the party incurring same.

On May 5, 2021, Mason-Gibson timely filed a motion for a new trial claiming that it had cross acted against Sloan in products liability in addition to alleging separate acts of post-sale negligence. Mason-Gibson complained that Sloan's motion for summary judgment did not negate or even address any of the allegations directed at Sloan's alleged post-sale negligence. It, therefore, contended that any global order dismissing all claims against Sloan under the statute of repose was error and prayed that the court would "grant a new trial and/or vacate any Order purporting to grant complete relief in favor of" Sloan.

On July 13, 2021, within its plenary jurisdiction, the trial court entered an order denying Mason-Gibson's motion for a new trial. The order in question read:

<u>ORDER GRANTING DEFENDANT MASON-GIBSON, INC.'S
MOTION FOR NEW TRIAL</u>

On this day came on for consideration Defendant Mason-Gibson's Motion for New Trial.

The Court, having considered the Motion and the pleadings on file, is of the opinion that the

Motion should be ~~GRANTED~~. *DENIED.*

IT IS THEREFORE ORDERED, that the Motion for Summary Judgment in favor of

Sloan Valve Company rendered on April 5, 2021, is set aside and withdrawn, and a new trial is

~~GRANTED~~. *Denied*

SIGNED this *13th* day of *July*, 2021.

JUDGE PRESIDING

In a prior opinion denying Mason-Gibson's petition for a writ of mandamus, we noted,

> On September 20, 2021, Jaynes filed a motion to compel and a motion for sanctions against Mason-Gibson, alleging that Mason-Gibson had informed the parties that it would not produce witnesses for pre-scheduled depositions because the entire case had been dismissed when the trial court entered its April 5, 2021, order. On September 30, 2021, the trial court held a hearing on Jaynes's motion to compel and motion for sanctions. At the outset of the hearing, the trial court announced that "the prior order which granted Sloan Valve Company's motion for summary judgment finally disposed of all claims against Sloan Valve Company only." The trial court granted Jaynes's motion to compel and sanctioned Mason-Gibson.

*In re Mason-Gibson, Inc.*, No. 06-21-00120-CV, 2022 WL 452279, at *1–2 (Tex. App.—

Texarkana Feb. 15, 2022, orig. proceeding) (mem. op.).[3]

---

[3]We further explained,

On October 7, 2021, the trial court entered the Clarifying Order, which was captioned "Clarifying Order on Defendant, Sloan Valve Company's Motion for Summary Judgment" and which stated:

> On April 5, 2021, the Court considered Defendant Sloan Valve Company's Motion for Summary Judgment. The Court having considered the Motion, finds that the Motion is well taken and should be GRANTED.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that all claims asserted against Sloan Valve Company by all parties are hereby DISMISSED with prejudice to re-filing. The judgment disposes of all claims against Sloan Valve Company by all parties and is final and appealable. All other claims asserted against the remaining Defendants are not affected by this Order.[4]

The court, thereafter, granted Jaynes's motion to compel and motion for sanctions and severed the newly entered summary judgment order.

On appeal, Mason-Gibson contends that, because the Summary Judgment Order contained finality language, it was a final judgment under *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191 (Tex. 2001), that not only disposed of all claims asserted against Sloan by all parties

---

On October 1, 2021, Mason-Gibson filed a petition for writ of mandamus in this Court, asking this Court to order the trial court to "vacate the void post-plenary power rulings, and instruct the trial court to close the case." On October 4, 2021, this Court issued its opinion denying mandamus relief because the record was not properly sworn. On that same date, Mason-Gibson filed a petition for writ of mandamus—virtually identical to the one filed in this Court—asking the Texas Supreme Court to "vacate the void post-plenary power rulings [of the trial court] and instruct the trial court to close the case." On October 6, 2021, the Supreme Court denied Mason-Gibson's petition for writ of mandamus and the emergency motion for stay that it likewise filed in that court. On October 20, 2021, Mason-Gibson filed a motion for rehearing in the Supreme Court. The Supreme Court denied that motion on December 3, 2021. On December 23, 2021, Mason-Gibson filed the present petition for writ of mandamus in this Court, seeking the same relief that it sought in the Supreme Court.

*In re Mason-Gibson, Inc.*, 2022 WL 452279, at *2.

[4]From this order, it is apparent that the trial court determined that, contrary to Mason-Gibson's arguments, the April 5 order did not grant more relief to Sloan that it had requested, to the extent that it dismissed all parties' claims against Sloan.

but also disposed of all other claims in the case, including Jaynes's claims against all remaining defendants. Based on its contention that the Summary Judgment Order was final and appealable as to all parties, Mason-Gibson reasons that the trial court's plenary jurisdiction expired on July 19, 2021, thirty days after its motion for a new trial was overruled by operation of law. It, therefore, asks that we rule that the Clarifying Order and the Severance Order issued on October 7, 2021, are void and that the trial court had no jurisdiction to conduct further proceedings. We decline to do so.

Our resolution of this issue requires us to examine the language of the trial court's July 13 order to determine whether it extended the trial court's plenary power to act. The record reflects that Mason-Gibson timely filed a motion for a new trial in which it asked the trial court to "grant a new trial and/or vacate any Order purporting to grant complete relief in favor of" Sloan. Rule 329b(c) of the Texas Rules of Civil Procedure provides, "In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed it shall be considered overruled by operation of law on the expiration of that period." TEX. R. CIV. P. 329b(c). Because the Summary Judgment Order was signed on April 5, 2021, the motion for new trial was overruled by operation of law on June 19, 2021, seventy-five days after April 5. Even so, a trial court has plenary power "to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX. R. CIV. P. 329b(e); *see Alvizo v. Walker*, No. 06-20-00008-CV, 2020 WL 1326702, at *1 (Tex. App.—Texarkana

7

Mar. 23, 2020, no pet.) (mem. op.). The trial court, therefore, had plenary power to reconsider and grant the motion for a new trial or to vacate, modify, correct, or reform the Summary Judgment Order until July 19, 2021.

The July 13 order was issued on what appears to have been a submitted proposed order on which the trial court marked through the language granting a new trial and initialed those revisions. The trial court did not, however, alter the proposed order's language that purports to set aside and withdraw the Summary Judgment Order. The order includes the following language left unchanged by the trial court: "IT IS THEREFORE ORDERED, that the motion for summary judgment in favor of Sloan Valve Company rendered on April 5, 2021, is set aside and withdrawn." Jaynes contends that, because the trial court left this language intact in its order, the July 13 order did indeed set aside and withdraw the Summary Judgment Order. We agree.[5]

"We construe orders under the same rules of interpretation as those applied to other written instruments." *Payless Cashways, Inc. v. Hill*, 139 S.W.3d 793, 795 (Tex. App.—Dallas 2004, no pet.) (citing *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971)). We "look to the order as a whole" and "construe [it] in a way that gives each provision meaning." *Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011). "Just as with an unambiguous contract, we enforce unambiguous orders literally." *Id.* When the "order is unambiguous, we must construe the order in light of the literal meaning of the language used." *Hill*, 139 S.W.3d at 795 (citing *Fair*, 467 S.W.2d at 404–05). As a result, "when the judgment is unambiguous with no room for interpretation, it is our duty to declare its effect in light of the

---

[5]Although the order speaks of the motion (as opposed to the order) being set aside, it is apparent from the context of the trial court's order that it was referring to the summary judgment order "rendered on April 5, 2021."

8

literal language used," with the determinative factor being the intention of the court. *Alford v. Thornburg*, 113 S.W.3d 575, 584 (Tex. App.—Texarkana 2003, no pet.). "Only where an order's terms are ambiguous—that is, susceptible of more than one reasonable interpretation—do we look to the surrounding circumstances to discern their meaning." *Stephens*, 355 S.W.3d at 626.

Here, the July 13 order is susceptible of only one reasonable interpretation. The trial court plainly marked out the word "GRANTED," replaced it with the word "DENIED," and initialed both changes relative to the request for a new trial. The trial court did not remove language from the order setting aside and withdrawing the Summary Judgment Order. The literal language employed by the trial court follows: "[T]he motion for summary judgment in favor of Sloan Valve Company rendered on April 5, 2021, is set aside and withdrawn." To set aside an order means to "annul or vacate" that order. *Set aside*, BLACK'S LAW DICTIONARY (11th ed. 2019). That is precisely what the trial court did. Any construction to the contrary would violate the requirement to look at the order as a whole and would render meaningless the language setting aside the Summary Judgment Order.

We conclude that the July 13, 2021, order—issued within the trial court's plenary jurisdiction—set aside and vacated the Summary Judgment Order.[6] As a result, the trial court acted within its plenary power when it entered the Clarifying Order and Severance Order on October 2, 2021.

---

[6]Since the Summary Judgment Order was set aside and vacated, Mason-Gibson's *Lehmann* argument based on the finality of that order is inapposite.

9

*(2)     Any Error in Granting Summary Judgment Against Mason-Gibson Was Harmless*

Mason-Gibson next claims that the trial court erred by granting summary judgment on its cross-claims against Sloan for contribution and DTPA violations based on Sloan's alleged "post-sale and post-recall acts and omissions" because Sloan's motion for summary judgment did not address those claims. Mason-Gibson contends that the trial court erroneously granted more relief than Sloan requested. It further claims that the summary judgment evidence raised genuine issues of material fact in support of its cross-claims. Because we find that any error in granting summary judgment on Mason-Gibson's cross-claims was harmless, we overrule this issue.

It is undisputed that, on July 10, 2002, Sloan sold the specific Flushmate system at issue in this case. It is likewise undisputed that Jaynes did not file suit against Sloan until October 2, 2019, more than seventeen years after Sloan sold the unit at issue. In its motion for summary judgment, Sloan contended that the fifteen-year statute of repose found in Section 16.012(b) of the Texas Civil Practice and Remedies Code barred Jaynes's claims against Sloan. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b) (Supp.). It asked the trial court to "enter judgment against Plaintiff's claims, and further order that Plaintiff take nothing by this suit." The trial court's order dismissed all claims asserted against Sloan by all parties.[7]

---

[7]"The grant of a trial court's summary judgment is subject to de novo review by appellate courts." *Brown v. CitiMortgage, Inc.*, No. 06-14-00105-CV, 2015 WL 2437519, at *2 (Tex. App.—Texarkana May 22, 2015, no pet.) (mem. op.) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "In making the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor." *Id.* (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "When the trial court does not specify the basis for its ruling, we must affirm a summary judgment if any of the grounds on which judgment is sought are meritorious." *Id.* (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

"To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Id.* (citing TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). "Once the movant produces

10

"Statutes of repose typically provide a definitive date beyond which an action cannot be filed." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009). (citing *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003)). "[W]hile statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." *Id.* (citing *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex. 1994)). The products-liability statute of repose provides that "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of sale of the product by the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b).[8]

Mason-Gibson contends that, because its claims for post-sale negligence do not amount to a "products liability action" as defined in the statute, those claims were not barred by the statute of repose. In support of this contention, Mason-Gibson relies on *Eastman v. Ford Motor Co.*, No. 5:15-CV-14, 2016 WL 7732627 (E.D. Tex. Mar. 29, 2016) (order). In *Eastman*, the plaintiffs alleged that injuries resulting from a rollover accident were caused by product defects in their Ford Explorer. *Id.* at *1. Ford moved for summary judgment based on the fifteen-year statute of repose set forth in Section 16.012 of the Texas Civil Practice and Remedies Code. The plaintiffs relied on post-sale negligence claims alleging that Ford was negligent in performing its voluntary recall of Ford Explorers. *Id.* at *4. The court concluded that plaintiffs' allegations of

---

evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact." *Id.* (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)).

[8]The fifteen-year statute of repose for products claims incorporates exceptions for products with longer warranties and for products that cause latent diseases, neither of which are applicable here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(b)–(e); *Galbraith*, 290 S.W.3d at 867.

post-sale negligence rested on a negligent undertaking theory that was well established in Texas law. *Id.* at *5. As a result, the court concluded that the products-liability statute of repose did not apply. *Id.*

Because this case is easily distinguished from *Eastman*, we need not deal with *Eastman*'s analysis. In *Eastman*, that plaintiff alleged a negligent-undertaking cause of action premised on claims of post-sale negligence. Here, Mason-Gibson claimed that the statute of repose was tolled by the continuing-tort doctrine and by Sloan's alleged fraudulent concealment. In its cross-claim, Mason-Gibson alleged that

> Sloan and Ferguson's sale and provision of replacement parts, together with their silence and failure to warn Mason Gibson of the defective nature of the Flushmate IIIs and the recall of same, independently and in concert, amount to fraudulent concealment tolling any applicable periods of limitations and repose. Mason Gibson reasonably relied on these acts and omissions to its detriment and to the ultimate detriment of Plaintiff.

> Alternatively, and without waiving the forgoing, Mason Gibson would show that each sale of replacement or maintenance parts for the recalled Flushmate IIIs, coupled with silence that the units were dangerous and subject to recall and free replacement was negligent and each such act and omission was an independent, separate, and continuing tort from which date the applicable tolling statute runs.

In conjunction with its cross-action against Sloan, Mason-Gibson filed a response to Sloan's motion for summary judgment claiming that the statute of repose was tolled by Sloan's continuing tort and fraudulent concealment, as set out in its cross-claim. Mason-Gibson argued:

> An exception to the legal injury rule which Sloan would encourage the Court to overlook is the continuing tort doctrine. *First Gen Rlty. Corp. v. Maryland Casualty Co.*, 981 S.W.2d 495, 501 (Tex. App.—Austin, 1998 pet. denied[)]. A continuing tort involves repeated injuries proximately caused by repetitive wrongful acts. *See also, Upjohn Co. v. Freeman*, 885 S.W.2d 538, 542 (Tex. App.—Dallas 1994, writ denied) (applying continuing tort doctrine for actions sounding in products liability). Limitations runs when the tortious conduct

12

ceases. *Krohn v. Marcus Cable Assocs. L.P.*, 201 S.W.3d 876, 880 (Tex. App—Waco 2006, pet. denied), *Adler v. Beverly Hills Hosp.* 594 S.W.2d 153, 155–56 (Tex. App—Dallas, 1980, no writ.) from the date of the last continuing tort [sic].

Sloan and Ferguson's acts and omissions in selling parts to fit Flushmate IIIs, the failure to provide replacements for recalled products and the failure to warn of its dangers and of its recall which tolled the Statute of Limitations for those who reasonably relied on Sloan and Ferguson's representations and omissions as did Mason Gibson. Certainly, Mason Gibson's reliance on these representations and omissions was reasonable as were its actions taken immediately after to shut down its hotel rooms until safe units could be installed.

Against this backdrop, and with its proliferation of continuing torts coupled with its fraudulent concealment of the facts into the latter part of 2019, Sloan cannot possibly claim that the Products 15-year Statute of Repose bars the claims herein.

Instead of asserting a negligent undertaking claim, Mason-Gibson's cross-claim (and summary judgment response) alleged that the statute of repose was tolled.[9] *See Martinez-Garcia v. FCA US LLC*, No. 1:18-CV-582, 2019, WL 7763842, at *4 (E.D. Tex. May 28, 2019) (mem. op. and order) (even if negligent undertaking claim was not barred by statute of repose, claim was not

---

[9]Mason-Gibson points to (1) language in its original answer generally alleging negligence on the part of others, (2) factual allegations in its cross-claim against Sloan, and (3) a statement in its response to Sloan's motion for summary judgment that Sloan "bungled" its recall in support of its position that it properly pled its post-sale negligence claims against Sloan. These pleadings do not reflect that Mason-Gibson asserted a cause of action against Sloan for negligent undertaking. *See Nall v. Plunkett*, 404 S.W.3d 552, 555–56 (Tex. 2013).

A negligent-undertaking claim requires the plaintiff to show that "(1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and either (a) the plaintiff relied upon the defendant's performance, or (b) the defendant's performance increased the plaintiff's risk of harm." *Id.* Here, Mason-Gibson's operative pleading (1) outlines the history of the Flushmate System; (2) alleges that the Flushmate system was defective; (3) alleges that the Flushmate system was the object of a 2012 recall, of which Mason-Gibson did not receive notice; (4) alleges that Mason-Gibson purchased the Holiday Inn Express in Palestine in 2013 and that it purchased its own supplies and parts to perform routine maintenance on the Flushmates in the hotel; (5) alleges that Sloan (through Ferguson) should have provided free replacement Flushmate IIIs; and (6) alleges that Sloan (through Ferguson) continued to sell Mason-Gibson replacement and maintenance parts for the allegedly defective Flushmate System. Mason-Gibson then alleged that these actions amounted to fraudulent concealment and a continuing tort that tolled the statute of repose. These allegations did not provide fair notice of a negligent undertaking cause of action. *See Olufsen v. Phipps*, No. 01-03-00275-CV, 2004 WL 1584919, at *2–3 (Tex. App.—Houston [1st Dist.] July15, 2004, pet. denied) (mem. op.) (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)) (petition must give fair and adequate notice of claims asserted so opposing party has information sufficient to prepare defense).

properly before the court because it was not raised in operative pleading).  As a result, *Eastman*

is inapposite.  To the extent that Mason-Gibson asserted ordinary negligence and DTPA claims,

those claims fall within the broad definition of a products liability action, defined as

> *any action* against a manufacturer or seller for recovery of damages or other relief
> for harm allegedly caused by a defective product, whether the action is based in
> strict tort liability, strict products liability, *negligence*, misrepresentation, breach
> of express or implied warranty, or *any other theory or combination of theories*,
> and whether the relief sought is recovery of damages or any other legal or
> equitable relief, including a suit for:
>
> (A)     injury or damage to or loss of real or personal property;
>
> (B)     personal injury;
>
> (C)     wrongful death;
>
> (D)     economic loss; or
>
> (E)     declaratory, injunctive, or other equitable relief.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.012(a)(2) (emphasis added); *see Saporito v. Cincinnati*

*Inc.*, No. 14-03-00226-CV, 2004 WL 234378, at *5 (Tex. App.—Houston [1st Dist.] Feb. 10,

2004, no pet.) (mem. op.) (post-sale duty to warn and inspect claims subject to statute of repose's

expansive definition of "products liability action").  As a result, any such claims are subject to

the fifteen-year statute of repose.  Mason-Gibson's cross-claim assertions that the statute was

tolled by the continuing tort doctrine and fraudulent concealment do not save those claims.

The Texas Supreme Court has consistently held that statutes of repose are not subject to

tolling.  Instead, statues of repose "begin to run on a readily ascertainable date, and unlike

statutes of limitations, a statute of repose is not subject to judicially crafted rules of tolling or

deferral."  *Compass Bank v. Calleja-Ahedo*, 569 S.W.3d 104, 112 (Tex. 2018) (quoting

*Methodist Healthcare Sys. of San Antonio, Ltd. v. Rankin*, 307 S.W.3d 283, 287 (Tex. 2010)).

This is because the "key purpose" of a statute of repose is "to create a final deadline for filing

suit that is not subject to any exceptions, except perhaps those clear exceptions in the statute

itself." *Id.*; *see Galbraith*, 290 S.W.3d at 866 (purpose of statute of repose is to provide

"absolute protection to certain parties from the burden of indefinite potential liability"). The

statute here does not include an applicable tolling exception. Instead, the statute provides, "This

section does not extend the limitations period within which a products liability action involving

the product may be commenced under any other law." TEX. CIV. PRAC. & REM. CODE ANN.

§ 16.012(e).

Nevertheless, Sloan's motion for summary judgment did not address Mason-Gibson's

cross-claim asserting entitlement to contribution and damages under the DTPA based on tolling

the statute of repose. Generally, summary judgments may be granted only on points asserted in

the motion for summary judgment. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex.

2011) (per curiam) (citing TEX. R. CIV. P. 166a(c)); *see Sci. Spectrum, Inc. v. Martinez*, 941

S.W.2d 910, 912 (Tex. 1997) (motion for summary judgment must expressly present grounds on

which it is made and must stand or fall on those grounds). However, in *G & H Towing*, the

Texas Supreme Court recognized that the harmless-error rule applies to summary judgments. *Id.*

For that reason, "[a]lthough a trial court errs in granting a summary judgment on a cause of

action not expressly presented by written motion, . . . the error is harmless when the omitted

cause of action is precluded as a matter of law by other grounds raised in the case." *Id.* at 297–

98 (citing *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 437–38 (Tex. App.—Texarkana 1999,

pet. denied)).  Because we find that Mason-Gibson's cross-claims for contribution and DTPA damages based on tolling of the statute of repose are precluded as a matter of law by other grounds raised in the motion for summary judgment, i.e., the statute of repose, any error in granting summary judgment was harmless.[10]

      We affirm the trial court's judgment.

                                      Josh R. Morriss, III
                                      Chief Justice

Date Submitted:     April 18, 2022
Date Decided:       May 6, 2022

---

[10]Based on this analysis, we need not address Mason-Gibson's contention that the summary judgment evidence raised genuine issues of material fact in support of its cross-claims.