**PAYLESS CASHWAYS, INC., Appellant,**

v.

**Terry HILL, Appellee.**

**No. 05–03–00774–CV.**

Court of Appeals of Texas, Dallas.

Aug. 3, 2004.

Rebecca E. Bell, Fee, Smith, Sharp & Vitullo, L.L.P., Dallas, for Appellant.

T. Randall Sandifer, Sandifer Law Office, Allen, for Appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice O'NEILL.

In this restricted appeal, appellant Payless Cashways, Inc. appeals a no-answer default judgment rendered in favor of Terry Hill. In two issues, Payless Cashways contends (1) the trial court's judgment violates the section 362 automatic bankruptcy stay, and (2) Hill failed to show Payless Cashways was properly served with citation. For the following reasons, we affirm the trial court's judgment.

Hill sued Payless Cashways for personal injuries he sustained as a result of a slip-and-fall on Payless Cashways's premises. At the time he filed the suit, Payless Cashways had filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Thus, Payless Cashways was entitled to the protection of the chapter 11, section 362 automatic stay. *See* 11 U.S.C. § 362. Prior to filing suit, Payless Cashways and Hill filed a "Joint Stipulation for Relief from Stay under 11 U.S.C. § 362." In the stipulation, the parties acknowledged that Hill had been injured on Payless Cashways's premises and that Hill had filed a claim against Payless Cashways's insurer, Zurich North American Insurance Company. The parties represented to the bankruptcy court that (1) Hill would not seek to recover any assets of Payless Cashways other than applicable insurance proceeds, (2) no estate assets would be used for the defense or resolution of the claim, and (3) there was no deductible under the applicable insurance policy. The parties jointly requested the bankruptcy court to lift the stay to allow Hill "to pursue recovery for personal injuries from Payless Cashways' insurer." The bankruptcy court entered the following order:

Upon stipulated agreement of the parties, Terry Hill is hereby granted relief from the stay provided by 11 U.S.C.

§ 362 for the purpose of resolving his claim against Payless Cashways, Inc.

No assets of the estate will be used for the payment of any settlement amount to Terry Hill, nor will estate assets be used to fund any deductible payment under this insurance policy.

Terry Hill fully and finally releases any claims or liabilities against the Debtor upon receipt of the insurance settlement proceeds.

Zurich North America Insurance Company will not have a claim against the estate as a result of this settlement.

The estate reserves any and all of its rights against any third party in connection with this matter.

Hill subsequently sued Payless Cashways. Hill's petition referenced the bankruptcy court's order granting relief from stay and requested a judgment in accordance with the limits imposed by the bankruptcy court. Payless Cashways failed to answer and Hill obtained a default judgment. The default judgment specified that Hill was entitled to enforce the judgment through any process necessary "subject only to the terms of the partial lifting of the Automatic Stay...."

■ In its first issue, Payless Cashways contends the trial court's judgment did not comply with the bankruptcy court's order granting relief from stay. Specifically, according to Payless Cashways, the bankruptcy court only granted relief from stay for the limited purpose of allowing Hill and Payless Cashways to enter into an agreed settlement of the dispute. We disagree.

■ We construe orders under the same rules of interpretation as those applied to other written instruments. *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971); *Azbill v. Dallas County Child Protective Servs. Unit of Tex. Dep't of Human and Regulatory*

*Servs.,* 860 S.W.2d 133, 136 (Tex.App.-Dallas 1993, no writ); *Alford v. Thornburg,* 113 S.W.3d 575, 583 (Tex.App.-Texarkana 2003, no pet.). If an order is unambiguous, we must construe the order in light of the literal meaning of the language used. *McLeod v. Mc. Leod,* 723 S.W.2d 777, 779 (Tex.App.-Dallas 1987, no writ); *Quanto Intern. Co., v. Lloyd,* 897 S.W.2d 482, 486 (Tex.App.-Houston [1st Dist.] 1995, no writ).

The bankruptcy court broadly and unambiguously granted Hill relief from the automatic stay "for the purpose of resolving his claim against Payless Cashways Cashways, Inc." The order on its face would allow litigation to resolve these claims. Although the bankruptcy court's order contains provisions that would apply in the event of "any" settlement, those provisions in no way limit or purport to limit the broad language granting relief from stay. Nor was the language concerning settlement included in the operative language granting relief from stay. We cannot ignore the bankruptcy court's broad language granting relief from the stay. *Cf. Sikes v. Global Marine, Inc.,* 881 F.2d 176, 179–80 (5th Cir.1989) (refusing to read limitation into lift of stay order). We conclude the trial court's order granting the default judgment does not violate the automatic stay. We resolve the first issue against Payless Cashways.

■ In its second issue, Payless Cashways contends the trial court erred in granting the default judgment because Hill failed to show strict compliance with the rules concerning service of process. A default judgment will be set aside if the record does not affirmatively show strict compliance with the rules governing service of citation. *Primate Constr. Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994) (per curiam); *Westcliffe, Inc. v. Bear Creek Const., Ltd.,* 105 S.W.3d 286, 290 (Tex.

App.-Dallas 2003, no pet.). There are no presumptions in favor of proper issuance, service, and return of citation. *Primate Constr. Inc.*, 884 S.W.2d at 152; *Westcliffe*, 105 S.W.3d at 290.

Here, the original petition alleged Payless Cashways, Inc. could be served pursuant to article 2.09 of the Business Corporation Act by serving the registered agent of the corporation, Corporation Service Company, at 800 Brazos, Austin, TX 78701, its registered office. The officer's return certified service on Corporation Service Company at that same address. The return of service is prima facie evidence of the facts recited therein. *Primate Constr.*, 884 S.W.2d at 152.

Appellant nevertheless asserts the default judgment must be reversed because the return of citation and return receipt show service upon a Loreen Flores, and fails to show she was the registered agent for Payless Cashways. Specifically, the officer's return noted service upon the Defendant was "evidenced" by the return receipt that was signed by Loreen J. Flores. We agree that Flores is not Payless's registered agent. However, contrary to appellant's assertion, the record in this case does not show service on Flores, but rather service upon Payless Cashways through Corporation Service Company. The rules specifically allow a corporation to appoint another entity as its registered agent. *See* TEX. BUS. CORP. ACT ANN. art. 2.09(2) (Vernon 2003). Here, Corporation Service Company was Payless's registered agent. Flores merely signed for Corporation Service Company. Appellant has not argued or provided any authority for the proposition that Flores could not sign for the registered agent. We conclude the officer's return establishes that Payless's registered agent for service of process was served with citation. Therefore, we resolve the second issue against appellant.

We affirm the trial court's judgment.