Opinion issued November 27, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00505-CV

————————————

**GUICE ENGINEERING, INC., Appellant**

**V.**

**SHEILA TURNER, INDIVIDUALLY AND AS NEXT FRIEND OF D.J.T., JR. AND A.T., MINOR CHILDREN, DANNY EARL CAIN AS REPRESENTATIVE OF THE ESTATE OF DAVID JUSTIN TURNER, AND AS NEXT FRIEND OF D.J.T., JR. AND A.T., MINOR CHILDREN, MICHAEL BROWN, JOHNNY MULLINS, ERIC JUAREZ, AND ARMANDO GONZALES, Appellees**

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-73209**

# MEMORANDUM OPINION

This is an interlocutory appeal under Chapter 150 of the Civil Practice and Remedies Code.[1] Sheila Turner, individually and as next friend of D.J.T., Jr. and A.T., minor children, and Danny Earl Cain as representative of the estate of David Justin Turner, and as next friend of D.J.T., Jr. and A.T., minor children ("the Turner appellees") sued appellant, Guice Engineering, Inc. and others,[2] asserting causes of action for wrongful death, survival, negligence and gross negligence. Michael Brown, Johnny Mullins, Eric Juarez and Armando Gonzales ("the Brown appellees") also sued Guice and others, asserting against Guice claims for negligence, negligence per se, and gross negligence. In three issues, Guice contends that the trial court abused its discretion when it (1) allowed appellees to non-suit and re-file an amended petition and amended certificate of merit; (2) denied Guice's first motion to dismiss/motion to strike deficient certificate of merit; and (3) denied Guice's second motion to dismiss/motion to strike deficient certificate of merit. We dismiss Guice's appeal.

---

[1] Chapter 150 governs suits filed against certain licensed professionals, including engineers. *See* TEX. CIV. PRAC. & REM. CODE ANN. §150.001–.004 (West 2011 & Supp. 2018).

[2] The other named defendants—Basic Energy Services, LP, Midstates Petroleum Company, Inc., Knight Oil Tools, LLC, Stewart Luce, RWDY, Inc., Schwab's Tinker Shop Int'l, Inc., and Red's Satellite Services, Co.—are not parties to this appeal.

## Factual and Procedural Background

On July 23, 2015, a work-over rig toppled over during fishing operations[3] in an oil and gas well in Woods County, Oklahoma. David Justin Turner, who was near the top of the derrick, was killed, and four other Basic Energy Services employees—Brown, Mullins, Juarez, and Gonzales—sustained serious injuries.

On April 18, 2017, the Turner appellees filed their second amended original petition,[4] asserting causes of action against Guice, among others, for wrongful death, survival, negligence and gross negligence. To their second amended petition, they attached a certificate of merit affidavit of Gregg S. Perkin, a registered professional engineer, dated April 17, 2017. On May 12, 2017, the Brown appellees sued Guice in their original petition in intervention, attaching the same certificate of merit to their petition.

On May 25, 2017, Guice filed a motion entitled "Defendant Guice Engineering, Inc.'s Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss." The motion asked the trial court to strike Perkin's certificate of merit affidavit and dismiss the Turner appellees' and Brown appellees'

---

[3]    "Fishing" is a procedure in which a well servicing unit, or "rig," is used to recover equipment that is lost or stuck in a well.

[4]    The Turner appellees did not name Guice or any other licensed professional in their original petition filed December 7, 2015, so no certificate of merit was included with that pleading.

3

negligence, negligence per se, and gross negligence claims under Texas Civil Practice and Remedies Code section 150.002. Guice's motion was set to be heard on July 10, 2017.

On July 5, 2017, the Turner appellees and Brown appellees non-suited their claims against Guice, without prejudice. Later that day, the Turner appellees and Brown appellees re-filed suit against Guice and attached to their respective pleadings a second certificate of merit from Perkin.[5]

On July 11, 2017, Guice filed a supplemental brief in support of its motion to strike certificate of merit affidavit and motion to dismiss. In its brief, Guice argued that its motion to strike and motion to dismiss filed on May 25, 2017 survived the Turner appellees' and Brown appellees' non-suit, and that the propriety of the original certificate of merit affidavit remained before the trial court and necessitated a ruling.

On July 12, 2017, Guice filed two motions. The first motion, entitled "Subject to Motion to Strike Certificate of Merit Affidavit and Motion to Dismiss, Motion to Disregard Plaintiffs' and Intervenors' Non-Suits and Motion to Strike Amended Petitions," asked the trial court to disregard the Turner appellees' and Brown appellees' non-suits and strike their amended petitions. The second motion, entitled

---

[5] In their brief, the Turner appellees state that the second certificate, which includes documents dated January 2, 2017 and June 24, 2017, was mistakenly dated July 5, 2016, and should read 2017. Guice does not take issue with the assertion.

4

"Subject to Motion to Strike Original Certificate of Merit Affidavit and Motion to Dismiss, Guice Engineering, Inc.'s Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss," asked the trial court to strike Perkin's second certificate of merit and dismiss the Turner appellees' and Brown appellees' negligence, negligence per se, and gross negligence claims under section 150.002. Guice's motions were set to be heard on August 15, 2017.[6]

On August 10, 2017, the Turner appellees and Brown appellees jointly filed their responses to Guice's "Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss" and "Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss." They argued, in part, that the first and second certificate of merit affidavits satisfied the requirements of section 150.002. That same day, they also jointly filed their response to Guice's "Motion to Disregard Plaintiffs' and Intervenors' Nonsuits and to Strike Amended Petitions," in which they argued that nothing prohibited them from filing their non-suits and filing amended petitions with an updated certificate of merit.

On April 2, 2018, the trial court held a hearing on Guice's (1) Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss; (2) Subject to Motion

---

[6] The hearing was ultimately passed after co-defendant Knight Oil Tools advised the court that it had filed for bankruptcy. The bankruptcy stay was lifted on January 8, 2018.

to Strike Original Certificate of Merit Affidavit and Original Motion to Dismiss, Guice's Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss; and (3) motions for summary judgment. On April 17, 2018, the trial court signed an order,[7] stating

> Came on to be heard Defendant Guice Engineering, Inc.'s Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss. Upon consideration, the Court DENIES Defendant Guice Engineering, Inc.'s Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss.

On April 25, 2018, Guice filed a motion for clarification and set it for hearing on May 21, 2018. The motion stated that Guice had three motions pending before the court at the time the trial court signed its April 17, 2018 order: (1) Motion to Strike Denoted Certificate of Merit and Motion to Dismiss; (2) Subject to Motion to Strike Original Certificate of Merit Affidavit and Original Motion to Dismiss, Guice's Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss; and (3) Motion to Dismiss David Bryan Turner's Claims Under Section 150 of Texas Civil Practice and Remedies Code.[8] Guice asked the court to clarify to which of the three motions its April 17 order applied.

---

[7] That same day, the trial court denied Guice's motions for summary judgment against the Turner appellees' and the Brown appellees' negligence, negligence per se, and gross negligence causes of action.

[8] In its third motion, Guice argued that David Bryan Turner's claims against it should be dismissed because he did not file a certificate of merit with his first-filed complaint, as required by section 150.002(a).

On May 22, 2018, the trial court signed an order, stating

> Came on to be heard Defendant Guice Engineering, Inc.'s Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss. Upon consideration, the Court DENIES Defendant Guice Engineering, Inc.'s Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss.

That same day, the trial court signed an order granting Guice's motion for clarification. The order stated, in relevant part:

> The Court denied both Defendant Guice Engineering, Inc.'s Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss AND Defendant Guice Engineering, Inc.'s Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss, and now has signed a separate Order on the Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss. In light of the clarification, the parties have agreed that all appellate deadlines for appeal of these two orders will begin from the date of the Order on the Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss, which is May 22, 2018.[9]

Guice filed its notice of appeal on May 30, 2018. The notice states that "Guice desires to appeal the 295th District Court's Orders, dated May 22, 2018, denying its Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss (filed May 25, 2017) and Motion to Strike Second Certificate of Merit Affidavit[] and Motion to Dismiss (filed July 12, 2017)."

---

[9] The trial court further stated that because Guice's motion to dismiss David Bryan Turner's claims under section 150.002 was not set for hearing on April 2, 2018, that motion "will be set for hearing at a future date."

7

## Standard of Review

An order granting or denying a motion to dismiss for failure to file a certificate of merit is immediately appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011). We review a trial court's order denying a motion to dismiss pursuant to section 150.002 for abuse of discretion. *See CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342–43 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *See id.* at 342; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## Discussion

In its first issue, Guice contends that the trial court abused its discretion when it allowed the Turner appellees to non-suit and re-file an amended petition and amended certificate of merit by the same expert while a motion to dismiss, based on the deficient certificate of merit, was pending. In its second issue, it argues that the trial court abused its discretion when it denied Guice's first motion to dismiss/motion to strike deficient certificate of merit because the original certificate of merit did not comply with the statutory requirements of section 150.002. In its third issue, Guice

8

asserts that the trial court abused its discretion when it denied Guice's second motion to dismiss/motion to strike deficient certificate of merit because the amended certificate did not comply with statutory requirements. Alternatively, Guice argues that even if the second certificate of merit complied, it was a nullity and should not have been considered because the failure to file a compliant certificate of merit affidavit may not be cured by amendment in the same proceeding.

As a threshold matter, we must determine whether we have jurisdiction over Guice's appeal.

## A. Applicable Law

An appeal of an order denying a motion to dismiss under section 150.002 is an interlocutory, accelerated appeal. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(f); *see also* TEX. R. APP. P. 28.1(a). "Unless otherwise provided by statute, an accelerated appeal is perfected by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule 26.1(b) or as extended by Rule 26.3." TEX. R. APP. P. 28.1(b). Rule 26.1(b) states that "in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed[.]" TEX. R. APP. P. 26.1(b).

To invoke an appellate court's jurisdiction over an appealable order, a timely notice of appeal must be filed. *See* TEX. R. APP. P. 25.1, 26.1; *see also Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 697 (Tex. App.–Houston [1st Dist.] 2011, no

9

pet.). An interlocutory order that is not timely appealed is not reviewable by this court. *See CTL/Thompson Tex., LLC v. Morrison Homes*, 337 S.W.3d 437, 441 (Tex. App.—Fort Worth 2011, pet. denied); *State v. Ruiz Wholesale Co.*, 901 S.W.2d 772, 775 (Tex. App.—Austin 1995, no writ). Statutes allowing interlocutory appeals are to be strictly construed. *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

## B. Analysis

On May 25, 2017, Guice filed a motion entitled "Defendant Guice Engineering, Inc.'s Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss." The motion asked the trial court to strike Perkin's first certificate of merit and dismiss the Turner appellees' and Brown appellees' negligence, negligence per se, and gross negligence claims under section 150.002. By written order dated April 17, 2018, the trial court denied "Defendant Guice Engineering, Inc.'s Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss."

We construe orders under the same rules of interpretation as those applied to other written instruments. *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971); *see also Payless Cashways, Inc. v. Hill*, 139 S.W.3d 793, 795 (Tex. App.—Dallas 2004, no pet.). "If an order is unambiguous, we must construe the order in light of the literal meaning of the language used." *Hill*, 139 S.W.3d at

10

795 (citing *McLeod v. McLeod*, 723 S.W.2d 777, 779 (Tex. App.—Dallas 1987, no writ) and *Quanto Int'l Co., v. Lloyd*, 897 S.W.2d 482, 486 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding)). Here, the trial court's April 17, 2018 order is unambiguous, and its literal meaning is clear. The order explicitly denied "Defendant Guice Engineering, Inc.'s Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss." Therefore, Guice had to file its notice of appeal of the April 17, 2018 order within twenty days after the order was signed, or by May 7, 2018. *See* TEX. R. APP. P. 26.1(b). Guice filed its notice of appeal of the April 17, 2018 order on May 30, 2018—forty-three days after the April 17, 2018 order.[10]

Guice nevertheless contends that it timely filed its notice of appeal of the trial court's April 17, 2018 order. In support of its argument, Guice points to the trial court's May 22, 2018 order, stating, "In light of the clarification, the parties have agreed that all appellate deadlines for appeal of these two orders [i.e., the April 17, 2018 order and the May 22, 2018 order denying Guice's motion to strike second certificate of merit affidavit and motion to dismiss] will begin from the date of the

---

[10]  Guice did not move for an extension of time to file its notice of appeal. Because Guice filed its notice of appeal more than fifteen days after the date on which it was due, a motion for extension of time is not implied. *See Garza v. v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (applying *Verburgt* rule to section 150.002 motion to dismiss and concluding where motion was not filed by deadline but filed within fifteen days of deadline, motion for extension was necessarily implied) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)).

11

Order on the Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss, which is May 22, 2018."[11]  Thus, Guice contends, "the parties and the trial court unambiguously intended for this Court to have jurisdiction over this appeal."

"Whether we have jurisdiction is a question of law, which we review de novo." *Galbraith v. Williams Cos.*, No. 01-15-01084-CV, 2017 WL 2872306, at *2 (Tex. App.—Houston [1st Dist.] July 6, 2017, pet. denied) (mem. op.) (citing *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007)).  We "have an independent duty to determine sua sponte whether we have the authority to hear an appeal; the parties cannot confer jurisdiction by agreement."  *Castle & Cooke Mortg., LLC v. Diamond T Ranch Dev., Inc.*, 330 S.W.3d 684, 687 (Tex. App.—San Antonio 2010, no pet.); *see Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable Living Trust*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.).  "[T]he question whether appellate jurisdiction exists cannot be waived or settled by agreement of the parties."  *Jack M. Sanders Family Ltd. P'ship*, 434 S.W.3d at 240; *see Anglo-Dutch Energy, LLC v. Crawford Hughes Operating. Co.*, No. 14-16-00635-CV, 2017 WL 4440530, at *4 (Tex. App.—Houston [14th Dist.] Oct. 5, 2017, pet. filed) (mem. op.) ("[T]he parties' stipulation cannot create

---

[11]  We note that, on May 22, 2018, when the trial court signed the order on Guice's motion for clarification, the deadline for Guice to file its notice of appeal from the April 17, 2018 order denying "Guice's Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss" had already passed.

12

appellate jurisdiction where none exists."); *Kelley v. Brooks*, No. 14-13-00399-CV, 2013 WL 3580781, at *1 (Tex. App.—Houston [14th Dist.] July 11, 2013, no pet.) (mem. op.). Concomitantly, a trial court cannot create appellate jurisdiction by consent. *See Anglo-Dutch Energy, LLC*, 2017 WL 4440530, at *4 (quoting *Texaco, Inc. v. Shouse*, 877 S.W.2d 8, 11 (Tex. App.—El Paso 1994, no writ)); *Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ) ("It is well settled . . . that appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by the litigants.").

Guice's notice of appeal was untimely. Because we have no jurisdiction over Guice's appeal from the trial court's April 17, 2018 order, that order is unreviewable. *See Easton v. Brasch*, 277 S.W.3d 558, 559 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

In its notice of appeal, Guice also challenged the trial court's May 22, 2018 order denying "Guice Engineering, Inc.'s Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss." The statute requires only one certificate of merit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). Because the first certificate of merit was properly filed and has not been ruled deficient, the portion of Guice's appeal that challenges the trial court's order denying its motion to strike Perkin's second certificate of merit and motion to dismiss is moot. *See James v. Calkins*, 446 S.W.3d 135, 143 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)

13

(quoting *Meeker v. Tarrant Cty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied) ("An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy."). "When an appeal is moot, we must dismiss it." *Id.*; *see Grant v. Huberty*, No. 01-18-00040-CV, 2018 WL 3431803, at *1 (Tex. App.—Houston [1st Dist.] July 17, 2018, no pet.) (mem. op.) (per curiam) ("Appellate courts lack jurisdiction to decide moot controversies[.]") (citing *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999)).

## Conclusion

Having determined that we lack jurisdiction over the appeal of the trial court's April 17, 2018 order denying "Guice Engineering, Inc.'s Motion to Strike Denoted Certificate of Merit Affidavit and Motion to Dismiss," we dismiss that portion of Guice's appeal. Because the first certificate of merit affidavit is in effect, we dismiss as moot the portion of Guice's appeal challenging the trial court's order denying "Guice Engineering, Inc.'s Motion to Strike Second Certificate of Merit Affidavit and Motion to Dismiss."

Russell Lloyd
Justice

Panel consists of Justices Higley, Lloyd, and Caughey.

14