COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TURBO RESTAURANTS, LLC, | § | No. 08-21-00071-CV |
| Appellant, | § | Appeal from the |
| v. | § | 281st Judicial District Court |
| REID'S REFRIGERATION INC. d/b/a REID'S A/C & HEAT, | § | of Harris County, Texas |
| Appellee. | § | (TC# 2020-55564) |

## **O P I N I O N**

In this restricted appeal, the appellant contends that the trial court erred in entering a default judgment because the record does not reflect proper service on its registered agent.[1] Finding error on the face of the record, we reverse the trial court's judgment and remand the case for further proceedings.

## I. BACKGROUND

Appellee Reid's Refrigeration Inc. (Reid's) filed a suit on a sworn account against Appellant Turbo Restaurants, LLC (Turbo) alleging that Turbo agreed, but failed to pay for Reid's

---

[1] This appeal was also originally docketed with the Fourteenth Court of Appeals but was transferred as a part of the Texas Supreme Court's on-going docket equalizations efforts. We apply that court's precedents to the extent they might conflict with our own. TEX.R.APP.P. 41.3

air conditioning repair services. In its petition, Reid's alleged that Turbo was "a domestic limited liability company doing business in the State of Texas and may be served through its registered agent, Corporate Creations Network, Inc., at 2425 W. Loop South, #200, Houston, Texas 77027." The clerk issued a citation directing service on Turbo's registered agent, using the same name and address. Significant to this appeal, however, the process server's return of service stated that he delivered the citation and petition to Turbo, care of its registered agent, Corporate Creations Network (omitting the designation "Inc.") by delivering it to "Maria Newman" at "5444 Westheimer Rd, 10th Floor, Houston, TX 77056." The return does not specify Ms. Newman's authority to accept service on behalf of either Turbo or its registered agent, and the address on Westheimer is different from the address in the petition and citation.

When Turbo failed to answer the petition, Reid's filed a motion for default judgment alleging that it obtained valid service on Turbo by delivering a true copy of the citation and petition to Turbo's registered agent, "Corporate Creations Network Inc. located at 2425 West Loop South, #200, Houston, Texas 77027." Reid's further attached a "Certificate of Last Known Mailing Address," listing Turbo's registered agent as Corporate Creations Network, Inc, located at 2425 W. Loop South, #200 Houston, Texas 77027. Reid's argued that it was therefore entitled to a default judgment on its sworn account for $47,451.95, which included the unpaid invoice amount and interest. In addition, Reid's sought $6,452 in attorney's fees, and submitted a supporting declaration and billing records from its attorney.

The trial court granted the motion for default judgment, and entered a final judgment, granting all the relief that Reid's requested, including the award of attorney's fees. Within six months of the final judgment, Turbo filed a notice of restricted appeal from the final judgment,

and further posted a supersedeas bond in the amount of the judgment under Rule 26.1(c) of the Texas Rules of Appellate Procedure.

## II. ISSUE ON APPEAL

In a single issue, Turbo contends that the trial court erred in granting the default judgment, asserting that the record does not establish that the service was made in strict compliance with the Texas Rules of Civil Procedure. In particular, Turbo contends that (1) the return of service incorrectly states that service was made on "Corporate Creations Network," as its registered agent, rather than on "Corporate Creations Network, Inc.," as reflected in the petition and citation; (2) the return of service reflects that service was made at a different address than that stated in the petition and citation; and (3) nothing in the record reflects that the person who accepted service, Maria Newman, was allowed to accept service on behalf of either Turbo or its registered agent. For the reasons noted below, we agree with Turbo that the record does not reflect that the service was valid as required to support a default judgment.[2]

## III. APPLICABLE LAW

### A. A Court Lacks Jurisdiction Over a Defendant Absent Proper Service

A defendant who fails to timely answer a lawsuit may suffer a default judgment. TEX.R.CIV.P. 239. However, a trial court lacks the jurisdiction to enter a default judgment against a defendant who has not been properly served. *See Spanton v. Bellah*, 612 S.W.3d 314, 316-17 (Tex. 2020); *see also W. Garry Waldrop DDS, Inc. v. Pham*, No. 14-15-00747-CV, 2016 WL 4921588, at \*2 (Tex.App.--Houston [14th Dist.] Sept. 15, 2016, no pet.) (mem. op.) ("When

---

[2] Turbo also contends that Reid's was not entitled to an award of attorney's fees under Chapter 38 of the Texas Rules of Civil Procedure, and that the trial court's award of fees reflects another error on the "face of the record." Because we determine that service was invalid and that the default judgment must be set aside, we need not address that issue in resolving the appeal.

process is not validly served, the trial court acquires no personal jurisdiction over the defendant and any default judgment is void.").   Thus, to sustain a default judgment, the record must reflect that the defendant was served in "strict compliance" with all applicable requirements in the law. *See Spanton*, 612 S.W.3d at 315 ("We have long held that a no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" ), *quoting Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *see also Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (recognizing that a trial court lacks jurisdiction to enter a no-answer default judgment, where there is a lack of proof of proper service).   "[S]trict compliance with service requirements in the default context is . . . intended to safeguard due process, allowing the defendant an opportunity to appear and defend the action on the merits."   *Pham*, 2016 WL 4921588, at *2.

## B. Service of Process

The party filing suit is responsible for obtaining service of the citation and a copy of the petition on the defendant.   TEX.R.CIV.P. 99 (a).   Among other things, the citation must contain the "names of parties," and "be directed to the defendant."   TEX.R.CIV.P. 99 (b) (7)(8).   In turn, Rule 107 provides that an "officer or authorized person executing the citation must complete a return of service," and that the return, together with any document to which it is attached, must include, among other things, "the person or entity served" and the "address served." TEX.R.CIV.P. 107 (a) (5)(6).

When, as here, a defendant is a domestic corporation authorized to transact business in Texas, it is not a person that can accept process, and it must therefore be served through its president, vice president, or registered agent.   *Pham*, 2016 WL 4921588, at *3, *citing* TEX.BUS.ORGS. CODE ANN. §§ 5.201(b). 5.255(1); *see also Asset Prot. & Sec. Servs., L.P. v.*

4

*Armijo*, 570 S.W.3d 377, 383 (Tex.App.--El Paso 2019, no pet.) ("A domestic corporation authorized to transact business in Texas may be served through its president, vice president, or its registered agent."). And when a plaintiff attempts service on a defendant corporation, the plaintiff must ensure that the record shows that the person who accepted delivery was in fact the corporation's registered agent or was otherwise authorized to accept service on the corporation's behalf. *See Pham*, 2016 WL 4921588, at *3 (recognizing that the "record must show [that] the person served was in fact . . . an agent for the corporation"); *Zhao v. Sea Rock Inc.*, No. 08-20-00209-CV, 2022 WL 2256317, at *5 (Tex.App.--El Paso June 23, 2022, no pet. h.) (recognizing that when a plaintiff attempts service on a defendant corporation, the plaintiff must ensure that the record shows that the person served was in fact the corporation's registered agent or was otherwise authorized to accept service on the corporation's behalf).

## C. Restricted Appeals

This appeal comes to us as a restricted appeal under Rule 30. Tex.R.App.P. 30. To prevail on a restricted appeal, Turbo must establish that (1) it filed its notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also Sherrard v. SignAd, Ltd.*, 637 S.W.3d 192, 195 (Tex.App.--Houston [14th Dist.] 2021, no pet.). Reid's acknowledges that Turbo has met the first three elements of a restricted appeal, and that only the fourth element—that there is error on the face of the record—is at issue.

Error on the face of the record can be demonstrated by showing that the papers on file at the time of the default (the clerk's record and reporter's record) fail to show strict compliance with

5

the rules of civil procedure governing issuance, service, and return of citation. *See Creaven v. Creaven*, 551 S.W.3d 865, 870 (Tex.App.--Houston [14th Dist.] 2018, no pet.) ("For a default judgment to withstand direct attack, the record must establish strict compliance with the rules of civil procedure governing issuance, service, and return of citation."), *citing Primate Constr., Inc.*, 884 S.W.2d at 152. Because the failure to ensure strict compliance with the rules of service deprives a court of jurisdiction, the Texas Supreme Court has held that it will "indulge no presumptions in favor of valid issuance, service, or return of citation." *Spanton*, 612 S.W.3d at 316-17, *citing Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985); *Martell v. Texas Concrete Enter. Readymix, Inc.*, 595 S.W.3d 279, 282 (Tex.App.--Houston [14th Dist.] 2020, no pet.) ("In a restricted appeal, '[t]here are no presumptions in favor of valid issuance, service, and return of citation.'"), *quoting Primate Constr., Inc.*, 884 S.W.2d at 152.

Whether service strictly complies with the applicable rules and other legal requirements for service of process is a question of law which an appellate court reviews de novo. *Martell,* 595 S.W.3d at 282*, citing Nelson v. Nelson*, No. 14-16-00602-CV, 2017 WL 2484378, at *2 (Tex.App.--Houston [14th Dist.] June 8, 2017, no pet.) (mem. op.); *see also Pro-Fire & Sprinkler, L.L.C. v. Law Co., Inc.*, 637 S.W.3d 843, 850 (Tex.App.--Dallas 2021, no pet.)("Whether service was in strict compliance with the rules is a question of law that we review de novo.").

## IV. DISCUSSION

### A. The Missing "Inc."

In arguing that the service was invalid, Turbo first points out that there is a variance between the name of its registered agent as listed in Reid's petition and citation, and the name of the registered agent as listed in the return. In Reid's petition and the citation, Turbo's registered agent is named as: "Corporate Creations Network, Inc.," but the return of citation omits the "Inc."

Turbo contends that this is at least one factor in determining whether the record reflects valid service. While the discrepancy is a factor, the Fourteenth Court of Appeals has not viewed it as determinative, and in this transfer case we follow that view.

A mismatch between the name of the agent for service in the petition, the citation, and the return can raise a doubt of whether the correct person or entity was served. *See Payne & Keller Co. v. Word*, 732 S.W.2d 38, 41 (Tex.App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.) (recognizing that the key question in determining whether service was invalid is whether the "return failed to show, with reasonable certainty, that the citation was served on the defendant in the suit"). The Texas Supreme Court's opinion in *Uvalde* illustrates the principle. In that case, the plaintiff's original petition alleged that the defendant, Uvalde Country Club, could be served by serving its registered agent, Henry Bunting, Jr., but the sheriff's return on the citation showed delivery to "Henry Bunting." *Uvalde Country Club*, 690 S.W.2d at 884. After the defendant failed to answer and the trial court rendered a default judgment in the plaintiff's favor, the defendant filed a timely "writ of error" (the equivalent of a restricted appeal). *Id.* In finding that the trial court erred by denying the writ, the court held that "the record does not show that the person served with citation, 'Henry Bunting,' was authorized to receive service or that he was connected with the appellant" or its registered agent. *Id.* at 884-85, *citing Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (default judgment was remanded because the return reflected that it was served on "J.N. Hendon," not the named defendant, "J.W. Hendon"). Any number of Texas cases are analogous.[3]

---

[3] *See, e.g.*, *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgt. and Gen. Contracting Corp.*, 62 S.W.3d 308, 309-11 (Tex. App.--Houston [1st Dist.] 2001, pet. denied) (return was defective where it named "Hercules Concrete Pumping" rather than "Hercules Concrete Pumping Services, Inc."); *Brown-McKee, Inc. v. J. F. Bryan & Associates*, 522 S.W.2d 958, 959 (Tex.App.--Texarkana 1975, no writ) (service was invalid where "Brown-McKee, Inc.," was the defendant named in the citation and accompanying petition, but service was on "Brown-McKee Const. Co.," and there was nothing in the record that tended to prove the two were "one and the same entity"); *Union Pac. Corp. v.*

As Reid's points out, however, the name listed in the citation and petition does not always need to be an exact match with the name recited on the return of service if it is otherwise clear from the record that the proper entity or person was served. Thus, a "minor change" or slight deviation in the name of the registered agent as listed in the petition and citation compared to that in the return of citation, does not by itself, render the return defective. *See Pham*, 2016 WL 4921588, at *2-3. Instead, a variance will invalidate service only if the name is "changed to the extent that the court cannot determine whether the person or entity named in the citation is the same as the person or entity identified in the return." *Id*. at 2-3, *citing Myan Mgmt. Grp., L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 753 (Tex.App.--Dallas 2009, no pet.) ("The name of the defendant is altered if it is changed to the extent that the court cannot determine if the name on the citation is the same person or entity identified on the return."). In other words, for service to be invalid due to a variation in names, the variation must create "some uncertainty concerning whether the person against whom judgment was taken, or who was served as the registered agent, was the correct person." *Payne & Keller Co.*, 732 S.W.2d at 41. "As long as the record as a whole, including the petition, citation, and return, shows that the citation was served on the [correct entity], service of process will not be invalidated." *Williams v. Williams*, 150 S.W.3d 436, 444 (Tex.App.--Austin 2004, pet. denied).

The issue of the missing "Inc." here is largely dictated by the Fourteenth Court of Appeals' holding in *Pham* that discounted a similar variance between a citation naming "W. GARRY WALDROP, DDS, INC. d/b/a LIFETIME DENTAL CARE" and a return naming "W. Garry Waldrop DDS (D/B/A/ Lifetime Dental Care"). *Pham*, 2016 WL 4921588 at *2-3 (the

---

*Legg*, 49 S.W.3d 72, 78 (Tex.App.--Austin 2001, no pet.) (record did not support default judgment against "Union Pacific Corporation" because return identified "Union Pacific Railroad" as entity served with process).

differences in punctuation, capitalization, and omission of "Inc." is "no more than a slight variation and does not, by itself, invalidate service"); *see also Myan Mgmt. Grp.*, 292 S.W.3d at 753-54 (the "omission of the corporate designation 'Inc.,'" on the return of service does not generally invalidate service as it does not "suggest[] that a different entity was served than the one listed in the petition"); *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex.App.-- Corpus Christi Edinburg 1996, writ denied) (holding that the omission of the corporate designation "Inc." from return did not invalidate service). Turbo has cited no cases in which courts have held that such an omission, standing alone, creates any uncertainty for whether the correct entity was served or that it otherwise renders service invalid.

Here, the only alteration in the name of Turbo's registered agent in the return of service was the omission of the designation "Inc." and we conclude that this variation, standing alone, does not invalidate the service. But our inquiry does not stop here, as Turbo identifies two other problems with the citation and the return of service.

### B. The Mismatched Addresses

The citation and petition—as well as Reid's certificate of last known mailing address—list the registered agent's address on Loop South in Houston in the 77027 zip code, while the return of service shows that it was delivered to the registered agent at an address on Westheimer Road in Houston in the 77056 zip code. Turbo contends that this discrepancy is another factor—not present in *Pham* and the other cases discussed above—that adds to the uncertainty about whether the correct entity was served. We agree.

When an *individual* defendant is personally served, the rules governing service do not require that the address listed on the citation and the return of service must match. *See* TEX.R.CIV.P. 107. A process server may typically effectuate personal service on an individual

9

defendant wherever he may be found, and therefore, the fact that a defendant was not personally served at the address listed on the citation does not, standing alone, typically invalidate service. *See Then W., Inc./Bait House, Inc. v. Sorrells*, No. 05-01-01874-CV, 2002 WL 1397477, at *4 (Tex.App.—Dallas June 28, 2002, no pet.) (not designated for publication) (recognizing that the defendant could be served wherever he could be found in the county and not just at the address listed in the citation); *see also Garcia v. Gutierrez*, 697 S.W.2d 758, 760 (Tex.App.--Corpus Christi Edinburg 1985, no write) (same).[4, 5]

Here, however, the question is not whether service was rendered invalid simply because the addresses did not match, but whether the variation in the addresses raises uncertainty about whether Turbo's registered agent was in fact the entity served. In concluding that it does, we find instructive the requirements of the Texas Business Organizations Code. The Code provides that a domestic entity doing business in Texas (such as Turbo) must designate a registered agent authorized to accept service of process on its behalf, as well as a "registered office." TEX.BUS.ORGS.CODE ANN. § 5.201(a), (b). And in turn, the registered agent is required to "maintain a business office at the same address as the entity's registered office," and that office "must be located at a street address where process may be personally served on the entity's

---

[4] Turbo cites one case for the proposition that the address on the citation must match the address on the return of service when a defendant is personally served with citation. *See Landagan v. Fife*, No. 01-13-00536-CV, 2014 WL 2809813, at *4 (Tex.App.--Houston [1st Dist.] June 19, 2014, no pet.) (mem. op.) The appeal in *Landagan*, however, did not arise as a restricted appeal, and instead, in that case, the defendant moved for a new trial and provided proof that he did not live at the address where service was effected. *Id.* The court also found that the return of service was "fatally defective" as it did not state the expiration date of the private process server's certification. *Id.* at *5. So we do not find the case helpful to our analysis.

[5] The address requirement is notably different when service is accomplished by other means, such as with service by mail or by substitute service ordered by the court. *See Spanton v. Bellah*, 612 S.W.3d 314, 316-17 (Tex. 2020) (discussing requirement that when substitute service is ordered, the service must be made at the address listed in the court's order of substitute service); *Then W., Inc./Bait House, Inc. v. Sorrells*, No. 05-01-01874-CV, 2002 WL 1397477, at *4 (Tex.App.--Dallas June 28, 2002, no pet.) (not designated for publication) (recognizing that "strict accuracy of addresses" is required in situations involving substitute service, when the petition and citation are mailed, and when service of process is left somewhere for the named defendant).

10

registered agent." *Id.* § 5.201(b),(c)(3).   Here, Reid's petition, the citation, and its certificate of last known mailing address all listed the registered agent's address as on "South Loop," yet without explanation, the return of service shows that service was made at a completely different address in a completely different zip code.[6]   We agree this is not a minor discrepancy that we can easily overlook in determining whether the process server effected service on the correct entity.

That said, we need not decide whether this discrepancy standing alone would invalidate the service, as Turbo's final argument convinces us that the service was fatally defective.

### C.   Failure to Establish the Authority of the Person Served

In its final argument, Turbo focuses on the return of service that states Turbo was served, care of its registered, by delivering the suit papers to an individual named "Maria Newman."   As Turbo also points out, however, there is nothing in the return of service, or elsewhere in the record, suggesting what authority Ms. Newman had to accept service, or what connection she had to either Turbo or its registered agent.   Turbo contends that this is fatal to the service, and we agree.

In opposing Turbo's argument, Reid's urges that we can uphold the default judgment based solely on the process server's statement that he served Turbo's registered agent, pointing to the well-known principle that a return of service is considered prima facie evidence of the facts recited in it.   *See Primate Const., Inc.* 884 S.W.2d at 152 ("The return of service is not a trivial, formulaic document [and it] has long been considered prima facie evidence of the facts recited therein.").   If Turbo's registered agent had been an individual, rather than a corporation, the process server's statement that he served the registered agent would reflect valid service, as that statement itself

---

[6] In its brief, Reid's blames this discrepancy on Turbo's failure to update the Turbo's address with the Secretary of State when it moved to another location and claims that the "process server was still able to serve the registered agent because he knew the current address."   This information, however, is not in the appellate record and we decline to consider it.   *See Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex.App.--El Paso 2007, pet. dism'd w.o.j.) (declining to consider affidavit not in record, but attached to party's appellate brief).

would reflect the person's authority to accept the service. *See id. at* 152 n.1 (rejecting the defendant's argument that the record did not demonstrate the authority of the person accepted service of process on its behalf, where the Sheriff's return recited that the person served was Primate Construction's registered agent).

Here, however, Turbo's registered agent was not an individual but instead a corporation. *See* TEX.BUS.ORGS.CODE ANN. § 5.201(b) (providing that a domestic entity may name as its registered agent either an individual residing in the state or another "organization" that is registered or authorized to do business in the state). A corporation is not a person capable of accepting service and must be served through its agents. *Pham*, 2016 WL 4921588, at *3 ("A domestic corporation authorized to transact business in Texas is not a person capable of accepting process; it must be served through its president, vice president, or registered agent."). And when the defendant or its registered agent is a corporate entity, the record must affirmatively show that the person served was allowed to accept service on the corporation's behalf.[7] *See Pham*, 2016 WL 4921588, at *3, *citing Reed Elsevier, Inc. v. Carrolton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex.App.--Dallas 2005, pet. denied) ("The record must show whether the person served was in fact such an agent for the corporation acting as the registered agent."); *see also White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex.App.--Dallas 1963, no writ) (holding that record did not show person served with citation was authorized agent for accepting service for corporate registered agent); *Inlog, Inc. v. Ryder Truck Rental*, No. 02-19-00283-CV, 2020 WL 1887846, at *2 (Tex.App.--Fort Worth Apr. 16, 2020, no pet.) (mem. op.) (when service is on a corporation,

---

[7] This authority may be reflected in the return of service itself or elsewhere in the record, but it still must appear somewhere to uphold a default judgment. *See Dentex Shoe Corp. v. F.E. Schmitz Co., Inc.*, 745 S.W.2d 503, 504 (Tex.App.--Fort Worth 1988, writ denied) (default judgment upheld where executed return of service did not recite the authority of the person who accepted service, but his authority was reflected in other portions of the record).

the return must show both the name of the person who received service and that the person was authorized to do so); *Harvestons Sec., Inc. v. Narnia Investments, Ltd.*, 218 S.W.3d 126, 134 (Tex.App.--Houston [14th Dist.] 2007, pet. denied) (finding that service was invalid where it was "not possible to determine from the record" whether the individual who accepted service was authorized to do so on behalf of the Texas Securities Commission).

For a corporate entity that has been designated as the defendant's registered agent, the Code provides that any employee of the corporate entity "may receive service at the registered office," and that the registered agent "must have an employee available at the registered office during normal business hours to receive service of process, notice, or demand." TEX.BUS.ORGS.CODE ANN. § 5.201(d). Here, the return of service states that "Maria Newman" accepted delivery of service, but does not state that Ms. Newman was an employee of the registered agent, and does not show what relationship she had, if any, to either Turbo or the registered agent. Nor is there anything else in the record to reflect that Ms. Newman was in fact authorized to accept service on behalf of the registered agent. *See Reed Elsevier, Inc.*, 180 S.W.3d at 905-06 (finding that service was invalid where return of service stated that it was directed to the defendant's registered agent, "Lexis Document Services, Inc.," but delivered to an individual named "Danielle Smith," without showing her authority to accept service on Lexis's behalf); *Inlog*, 2020 WL 1887846, at *2 (service was invalid where the return reflected that an individual named "DeSiRB R." accepted service on behalf of corporate registered agent, but nothing in the return or record clarified that person was an employee of the registered agent, or otherwise authorized to accept service); *see also Galan Enterprises v. G. Wil-Tex Co., Inc.*, No. 01-92-01246-CV, 1993 WL 471403, at *2 (Tex.App.--Houston [1st Dist.] Nov. 18, 1993, no writ) (the mere notation by the executing officer that the person served was "authorized to accept service" could not establish that she was in fact authorized

13

to accept service, where the record otherwise failed to establish her authority). And the fact that the record fails to reflect that service was at the agent's registered office creates further doubt as to whether Ms. Newman was employed by the registered agent or otherwise authorized to accept service on the agent's behalf.

Reid's contends we can overlook these problems for two reasons. First, Reid's contends that the rule requiring the return to reflect the capacity or authority of the person who accepted service applies only when service is made by mail. We disagree. Reid's is correct in pointing out that *some* of the cases that Turbo has cited in support of this requirement involve cases in which service was by mail. *See, e.g.*, *Armijo*, 570 S.W.3d at 383 (discussing requirement that the record must reflect that the person who signed for service via mail could do so); *All Commercial Floors, Inc. v. Barton & Rascor*, 97 S.W.3d 723, 727 (Tex.App.--Fort Worth 2003, no pet.) (same). However, as Reid's acknowledges, Turbo has cited at least two cases applying this requirement to situations involving personal service. *Reed Elsevier, Inc.*, 180 S.W.3d at 905-06; *Inlog*, 2020 WL 1887846, at *2. Several other cases have cited *Reed Elsevier* and *Inlog* favorably for this principle. *See, e.g.*, *Prado v. Nichols*, No. 05-20-01092-CV, 2022 WL 574845, at *2 (Tex.App.--Dallas Feb. 25, 2022, no pet.) (mem. op.) (relying on its holding in *Reed Elsevier*, court held that personal service was invalid where neither return of service nor anything in the record showed that an individual named "Joe Prado" accepted service, but did not indicate his capacity to receive service on behalf of the defendant corporation); *Lakeridge Townhomes Homeowners Association, Inc., v. Perri*, No. 02-21-00038-CV, 2021 WL 2253240, at *1 (Tex.App.--Fort Worth June 3, 2021, no pet.) (mem. op.) (relying on its holding in *Inlog*, court held that personal service was invalid where neither the return nor the record demonstrated that "Donna Phillips," who was named in the return as the person who accepted service, was a person authorized to receive service on behalf of

14

either the defendant or its registered corporate agent); *Leonard Manor, Inc. v. Century Rehab. of Texas, L.L.C.*, No. 06-09-00036-CV, 2009 WL 2878016, at \*3 (Tex.App.--Texarkana Sept. 10, 2009, pet. denied) (relying on *Reed Elsevier* for the proposition that personal service is invalid when it is made upon an individual at the defendant corporation's principal place of business, but there was nothing in the record to reflect that he had the authority to accept service on corporation's behalf); *see also Zhao*, 2022 WL 2256317, at \*6 (finding service invalid where the record did not reflect that individual who accepted personal service had the authority to accept service on behalf of defendant corporation).

Reid's also contends that no matter what other courts of appeal may require, the Fourteenth Court of Appeals has not expressly adopted the requirement that an individual's authority to accept service on behalf of a corporation must appear in the record. We disagree. The Fourteenth Court of Appeals has expressed this requirement in at least two of its cases. That court has expressly cited *Reeds Elsevier* in affirming the principle that the record must reflect not only the name of the person who accepted service on a corporate entity's behalf, but also that person's authority to accept the citation. *See Pham*, 2016 WL 4921588, at \*3; *Harvestons Sec., Inc.*, 218 S.W.3d at 134.[8]

Finally, Reid's relies on two cases in support of its argument that a person's authority to accept service on a corporation's behalf need not be reflected in the record, but neither case supports this proposition. First, Reid's relies on the Dallas court's holding in *Payless Cashways,*

---

[8] Reid's contends that we should not rely on the court's holding in *Pham* in deciding whether the Fourteenth Court of Appeals follows this requirement, pointing out that in *Pham*, the record did not reflect the name of the person accepting service, which presents a different factual scenario from the current case in which the person's name appears, but her authority does not. As discussed above, however, the court in *Pham* expressly stated the requirement that both the name of the person accepting service and the person's authority must be affirmatively shown in the record. *Pham*, 2016 WL 4921588, at \*3. And it reaffirmed that same principle in its holding in *Harvestons Sec., Inc.*, 218 S.W.3d at 134.

15

*Inc. v. Hill*, 139 S.W.3d 793, 795-96 (Tex.App.--Dallas 2004, no pet.). In that case, however, the court considered a different issue. The original petition in that case alleged that the defendant Payless Cashways, Inc. could be served by serving its registered agent, Corporation Service Company, at its registered office. The officer's return certified service on Corporation Service Company at the office address, showing that it was delivered to and signed for by an individual named "Loreen Flores." *Id.* at 796. The defendant in that case argued that there was nothing in the record to demonstrate that Flores was the defendant's registered agent, but as the court pointed out, the record did not need to demonstrate that she was the *defendant's* registered agent—as the corporate entity fulfilled that role. *Id.* And, as the court pointed out, the defendant did not challenge Flores's authority to sign on behalf of the registered agent. *Id.* at 796. The court therefore did not address the question of whether Flores's authority to sign on the registered agent's behalf had to appear in the record.

Reid's reliance on *Izen v. Sjostrom*, No. 14-06-00142-CV, 2007 WL 968841, at *3 (Tex.App.--Houston [14th Dist.] Apr. 3, 2007, no pet.) (mem. op.) is also misplaced. In *Izen*, the defendant was an unincorporated nonprofit entity and therefore was subject to the Texas Uniform Unincorporated Nonprofit Association Act. *Id*. at *3. As the court recognized, the Act provides that an unincorporated association may be served through "an agent authorized by appointment to receive service of process, an officer, a managing or general agent, or a person authorized to participate in the management of [the association's] affairs." *Id*., *citing* TEX.REV.CIV.STAT.ANN. art. 1396-70.01, § 14 (expired January 1, 2010). In that case, the return of service on record stated that the defendant nonprofit was served through "Geoffrey Sjostrom, Auth. Agent." *Id.* As such, the record demonstrated that the person who accepted service on the defendant's behalf did in fact have the authority to do so given his status as an authorized agent.

In short, Reid's has cited no cases that hold that an individual's authority to accept service need not be shown in the record. And since the record is silent on the issue of Maria Newman's authority to accept service on behalf of either Turbo or its registered agent, we cannot speculate on what her relationship might have been to either corporate entity, or presume that she had the authority to accept service. *See Pham*, 2016 WL 4921588 at *3 (court may not "speculate or presume that the person served was W. Garry Waldrop [the registered agent for the corporation] or another authorized individual"), *citing Hurd v. D.E. Goldsmith Chem. Metal Corp.*, 600 S.W.2d 345, 346 (Tex.App.--Houston [1st Dist.] 1980, no writ) ("[A]ll of the necessary facts must be stated in the return, with nothing left to inference."). Thus, we conclude that given the several errors in the return of citation, Reid's failed in its responsibility to ensure that the record reflected proper service, and the default judgment must therefore be set aside. *See Alamo Home Fin., Inc. v. Duran*, No. 13-14-00462-CV, 2015 WL 4381091, at *4-5 (Tex.App.--Corpus Christi July 16, 2015, no pet.) (mem. op.) (concluding that default judgment could not stand where the record contained several errors of service, thereby depriving the defendant of his due process right to appear to defend against itself in court).

Appellant's Issue One is sustained.

## V. CONCLUSION

Because there is error on the face of the record, we reverse the trial court's default judgment and remand the matter to the trial court for further proceedings consistent with our opinion.

JEFF ALLEY, Justice

August 30, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

17